(No. 50298.— )

*In re* ERNESTO PULIDO, a Minor, Appellant.—(The People of the State of Illinois, Appellee.)

*Supervisory order entered January 13, 1978.*

Sam Adam, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and James V. Marcanti, Assistant State's Attorneys, of counsel), for the People.

PER CURIAM: After a finding of juvenile delinquency and commitment to a correctional facility, the defendant moved for bond pending appeal. Both the trial court and appellate court denied the motion on the ground of lack of jurisdiction. Supreme Court Rule 660(a) (65 Ill.

2d R. 660(a)) provides that appeals from final judgments in delinquent minor proceedings shall be governed by the rules applicable to criminal cases, except as otherwise provided. Rule 609(b) (58 Ill. 2d R. 609(b)) provides for bail pending appeal where a defendant is sentenced to imprisonment. There is no statutory provision or rule providing that Rule 609 does not apply in juvenile delinquency cases, and the trial court and appellate court were in error in holding that they lacked jurisdiction to fix bond. Since applications for bond pending appeal should be addressed in the first instance to the trial court, we express no opinion as to whether bond should be allowed. It is ordered, in the exercise of this court's supervisory jurisdiction, that the circuit court of Cook County, juvenile division, consider defendant's application for bond pending appeal.

It is unnecessary to consider the motion by petitioner for bond pending appeal, or, in the alternative, to remand this cause to the trial court with instructions.

The motion by petitioner for leave to present oral argument on motion for bond pending appeal is denied.

*Supervisory order entered.*