*In re* C. L. BUCHANAN, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* C. L. BUCHANAN, Respondent-Appellant.)

First District (2nd Division)    No. 77-947

Opinion filed July 18, 1978.

James J. Doherty, Public Defender, of Chicago (Aaron L. Meyers and Frances G. Sowa, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Kenneth T. McCurry, and Margaret Stanton, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

The minor-respondent, C. L. Buchanan, was charged in a delinquency petition with burglary. (Ill. Rev. Stat. 1975, ch. 38, par. 19—1(a).) Pursuant to an admission, respondent was found delinquent, adjudicated

a ward of the court and committed to the Department of Corrections, Juvenile Division. The issue that the minor presents for review is whether the trial court abused its discretion in refusing to admit him to probation. The State counters this argument, but also claims that the appeal should be dismissed because the minor failed to file a motion to withdraw his admission and vacate the finding of delinquency.

The respondent was charged with the burglary of the apartment of Abliba Howell. Throughout the proceedings he was represented by the public defender. At the adjudicatory hearing he withdrew his denial and requested to enter an admission. After fully admonishing him of his constitutional rights and finding a factual basis for the admission, the trial court found him delinquent and adjudged him a ward of the court. After a dispositional hearing, he was committed to the Department of Corrections, Juvenile Division.

In the present case the court admonished respondent that before he could appeal, he would be required to file, as a prerequisite, a motion to withdraw his admission and vacate the finding of delinquency, alleging error in the proceedings. The admonishment was essentially that contained in Supreme Court Rule 605(b). Ill. Rev. Stat. 1975, ch. 110A, par. 605(b).

Respondent filed a timely motion to withdraw his admission, alleging possible error in its reception. He did not challenge the dispositional order. Subsequently, the public defender moved to withdraw this motion. The court granted this motion, and respondent then filed his notice of appeal. In this appeal the respondent challenges the dispositional order committing him to the Department of Corrections contending that the trial court abused its discretion in refusing probation to a juvenile based on an adult sentencing standard. He has not raised an issue pertaining to the voluntariness of his admissions.

However, the threshold issue is whether the respondent is precluded from a review of the dispositional order because he failed to file a motion to vacate patterned after Supreme Court Rule 604(d). (Ill. Rev. Stat. 1977, ch. 110A, par. 604(d).) That rule, in pertinent part, provides that a defendant in a criminal proceeding who pleads guilty must file a motion to vacate that plea within 30 days thereafter. The motion must set forth the reasons for seeking vacation of the plea. If this motion is not filed, defendant may not appeal; or, if filed, no matter not contained therein may be raised on appeal from a denial of the motion.

Supreme Court Rule 660(a) (Ill. Rev. Stat. 1975, ch. 110A, par. 660(a)) provides that "Appeals from final judgments in delinquent minor proceedings, except as otherwise specifically provided, shall be governed by the rules applicable to criminal cases." In the recent case *In re Pulido* (1978), 69 Ill. 2d 393, 372 N.E.2d 822, the supreme court interpreted Rule

660(a) as incorporating the right to bail pending appeal into juvenile proceedings where the juvenile is committed to a correctional facility after a finding of delinquency. The court said there were no statutory provisions or rules providing that the right to bond pending appeal was not applicable. However, for the reasons hereinafter stated we do not find *Pulido* controlling.

■■ The supreme court has held that a motion to vacate is a prerequisite to an appeal from a judgment pursuant to a guilty plea where the issue raised is the voluntariness of the plea. (*People v. Frey* (1977), 67 Ill. 2d 77, 364 N.E.2d 46.) Subsequently, the court has ruled that even where the issue raised on appeal merely goes to the sentence imposed in the guilty plea proceedings, a motion to vacate the plea is a prerequisite to appeal. (*People v. Stacey* (1977), 68 Ill. 2d 261, 369 N.E.2d 1254.) The court reasoned that to allow the defendant to contest his sentence initially at the appellate level would undermine the State's interest in the procedure whereby the State agrees to the modification or dismissal of certain charges in return for defendant's voluntary plea of guilty. As the court stated:

> "To permit a defendant to appeal only the sentence without removing the plea would vitiate the agreement he entered into with the State." 68 Ill. 2d 261, 265.

We find that the considerations which prompted the decision in *People v. Stacey* are not present in this juvenile proceeding. While some of the same elements may exist in the procedure whereby a juvenile admits to charges contained in a delinquency petition, the overriding purpose of the Juvenile Court Act is different from that of the Criminal Code. (Compare Ill. Rev. Stat. 1975, ch. 37, par. 701-2, with Ill. Rev. Stat. 1975, ch. 38, par. 1—2.) Accordingly, we find that the reasoning of Stacey is not applicable to the instant case. The rights of the State would not be prejudiced by allowing the juvenile to contest the disposition he received without filing a motion to vacate his admission.

■■ It should be noted that collateral attack is available to an adult felony offender pursuant to the Post Conviction Hearing Act (Ill. Rev. Stat. 1977, ch. 38, par. 122—1 *et seq.*) or to those convicted of misdemeanors pursuant to the procedure set out in *People v. Warr* (1973), 54 Ill. 2d 487, 298 N.E.2d 164. No such procedure is presently available to juveniles whereby constitutional claims arising from the admission proceedings may be presented. The failure to file a Rule 604(d) motion does not preclude an adult from seeking relief under the Post-Conviction Hearing Act. *People v. Parker* (1978), 57 Ill. App. 3d 697, 373 N.E.2d 737.

■■ "[T]he basic purpose of Rule 604(d) is to expeditiously dispose of matters beyond the record—matters with amongst others would show

that a plea of guilty was not voluntarily made." (*People v. Frey* (1977), 67 Ill. 2d 77, 85.) Although the issue of voluntariness may present itself in a juvenile setting (see *In re Beasley* (1977), 66 Ill. 2d 385, 362 N.E.2d 1024), this is not the situation in the instant case. The resolution of respondent's contention that the disposition of commitment was improper does not depend on the development of facts which are *dehors* the record. This is an additional reason that we think that Rule 604(d) is not applicable to this appeal. Therefore, we reject the State's contention that the appeal must be dismissed.

The respondent contends that the trial court abused its discretion in refusing him probation. He also contends that the trial court based its decision on a standard applicable to criminal proceedings, but not applicable to juvenile proceedings. The State argues that the trial court properly committed the respondent, where it carefully considered and rejected the alternatives, and stated the basis for the disposition it selected.

At the dispositional hearing on the instant petition, the State noted that three other delinquency petitions were pending against the respondent. One charged aggravated battery against school personnel; another pertained to a supervisory order entered pursuant to a petition charging robbery.

When the respondent returned to court for a dispositional hearing, another delinquency petition alleging theft (purse snatching) was pending against him. It was also brought out that respondent was charged with robbery in a 1975 petition which was dismissed. He received two station adjustments in 1974 for theft.

At the dispositional hearing respondent's mother was present. Probation officer Cullen summarized the written social investigation report. During the period of supervision on a previous petition, the respondent had performed well until he received three delinquency petitions within a 30-day period. Because the petitions involved offenses directed against school personnel, he was transferred to another school, where he continued to encounter truancy problems. The probation officer recommended probation and counseling, stating that respondent related positively to institutions, but occasionally seemed to have a problem with his temper. The assistant public defender concurred in this recommendation, suggesting that the respondent be placed on probation with a referral to Unified Delinquency Intervention Service. Respondent's mother was confused by her son's behavior, but expressed the hope that he would change. The State pointed out that the various charges pending against the minor involved the use of force against other people; the State recommended commitment to the Department of Corrections.

The trial court found that probation with or without referral to the UDIS would be inappropriate since it would deprecate the seriousness of

the respondent's misconduct and would be inconsistent with the ends of justice. It found that the respondent was beyond the control and discipline of his mother, and that it would be in his best interests and the community's best interests that he be committed to the Department of Corrections, Juvenile Division.

Section 5—2 of the Juvenile Court Act (Ill. Rev. Stat. 1975, ch. 37, par. 705—2) provides for the types of dispositional orders that the court may enter. The trial court may choose, as it sees fit, among the various alternatives; it need not defer to any particular disposition. The choice of dispositional order rests within the sound discretion of the trial court, and we will not interfere with its judgment absent an abuse of discretion. *In re Wilson* (1976), 40 Ill. App. 3d 619, 352 N.E.2d 251.

■■ The record shows that after the respondent had been placed on court supervision he was referred to the court several more times. These referrals reflected violent behavior toward school personnel, as well as numerous theft-related offenses. Respondent had a problem maintaining school attendance and often behaved in a violent manner around school. Respondent's delinquent behavior was accelerating, and his mother seemed baffled by this and could only hope that it would change. Under these circumstances, we find no abuse of discretion in the commitment to the Department of Corrections. *In re Fields* (1977), 46 Ill. App. 3d 1028, 361 N.E.2d 666.

The respondent complains that the trial court used an adult standard in rendering its disposition. Specifically, as part of its reasoning for commitment, the trial court rejected probation with or without referral to the UDIS because it would "deprecate the seriousness of the respondent's misconduct and would be inconsistent with the ends of justice." This language refers to a standard employed when a trial court sentences an adult offender to imprisonment as opposed to probation or periodic imprisonment. (See Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—1(a)(3).) No such language appears in the Juvenile Court Act.

Although this language may be inappropriate to juvenile proceedings, it is apparent that the trial court did employ the proper standards and carefully considered alternative dispositions. But it decided that commitment was preferred because the respondent was beyond the discipline and control of his mother, and commitment would serve his best interests and the community's best interests. We find no reversible error has been committed.

For the above reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

DOWNING and BROWN, JJ., concur.