*In re* R. R., a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* R. R., Respondent-Appellant.)

Second District   No. 77-496

Opinion filed October 20, 1978.

Mary Robinson and Elizabeth Clarke, both of State Appellate Defender's Office, of Elgin, for appellant.

Dennis P. Ryan, State's Attorney, of Waukegan (Phyllis J. Perko and William L. Browers, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

In 1977 minor respondent R. R. was on probation as a ward of the court for an offense which occurred in 1975. On June 3, 1977, the State petitioned for revocation of this probation. After a hearing, the court found that minor respondent did violate his probation; however, the court ordered his previous guardian and custodian discharged and placed minor respondent in the custody of his mother under the supervision of the probation department, with new conditions of probation. The State thereafter set July 22 as a date when it would request a "review of disposition." Minor respondent did not appear for this hearing. A warrant for his arrest issued; he was arrested in Mississippi and returned to Illinois. On August 8, the court found that minor respondent had been found to have violated his probation in the June 3 hearing, and ordered him committed to the Department of Corrections.

■■■ We note that the State's June 3 petition is the most recent petition asking for revocation of respondent's probation. A disposition was made on this petition by the court's order of June 3. That there was a disposition of this petition is also shown by the State's later request for a "review of disposition." There was therefore no petition to revoke probation pending on August 8 when the court committed minor respondent to the Department of Corrections. Further, the basis on which the commitment was made, the violation of the earlier probation, had already had a disposition made. The court was accordingly without the authority to revoke minor respondent's probation on the State of the record on August 8. Additionally, minor respondent was provided with no notice that revocation of his probation was to be considered on August 8. Since *In re Gault* (1967), 387 U.S. 1, 87 S. Ct. 1428, 18 L. Ed. 2d 527, courts have been

increasingly conscious of the application of due process rights to juvenile proceedings. (See *In re Beasley* (1977), 66 Ill. 2d 385, 362 N.E.2d 1024; *In re Urbasek* (1967), 38 Ill. 2d 535, 232 N.E.2d 716; *In re Sneed* (1978), 72 Ill. 2d 326, 381 N.E.2d 272.) Because due process safeguards are applicable in probation revocation proceedings (*People v. Monick* (1977), 51 Ill. App. 3d 783, 367 N.E.2d 225) and in light of *Gault* and subsequent cases, we conclude that minor respondent was denied his due process right to notice of the nature of the proceeding against him on August 8; he was also denied the right to be apprised of the charge against him, as no charge was pending. We accordingly reverse the order of the circuit court which committed minor respondent to the Department of Corrections and remand the cause for an order that he be restored to the custody of his mother under the terms of the last order of probation, the June 3, 1977, order. Because we reverse on this issue we need not reach the other issues raised on appeal. However, we note that this decision does not preclude the filing of a petition to revoke probation based on violations subsequent to June 3, 1977.

Reversed and remanded.

SEIDENFELD, P. J., and RECHENMACHER, J., concur.