75 Ill. App.3d 494 (1979)
394 N.E.2d 75
In re R.R., a Minor.  (THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee,
v.
R.R., Respondent-Appellant.)
No. 78-397.
Illinois Appellate Court  Second District.
Opinion filed August 28, 1979.
Rehearing denied September 18, 1979.
Mary Robinson and Elizabeth Clarke, both of State Appellate Defender's Office, of Elgin, for appellant.
Dennis P. Ryan, State's Attorney, of Waukegan (Phyllis J. Perko and William L. Browers, both of State's Attorneys Appellate Service Commission, of counsel), for the People.
Appeal dismissed.
*495 Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:
This is an attempted appeal by the minor from the denial of his petition for post-conviction relief by the trial court on May 18, 1978. In the original appeal of this case (In re R.R. (1978), 64 Ill. App.3d 818, 381 N.E.2d 1187), this court restored the custody of the minor to his mother. The appellant has also moved to include the record from appeal No. 77-496 as a supplement to the instant case. We have taken that motion with this case and hereby grant it.
The controlling issue before us herein is the right of a minor in a delinquency proceeding to "post-conviction" relief. This issue was neither raised in the trial court nor mentioned by either party prior to oral argument. Because of this state of affairs, we have allowed the parties to file supplemental briefs on this issue, which they have done.
 1 At the outset we note that the provision for "post-conviction" proceedings is found in the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 122-1 et seq.). The first sentence in that act provides, in pertinent part, that:
"Any person imprisoned in the penitentiary who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the Constitution of the United States or of the State of Illinois or both may institute a proceeding under this Article. * * *" (Emphasis added.)
The provisions of this act have been extended by the supreme court to misdemeanor convictions where there is an allegation of denial of constitutional rights. In People v. Warr (1973), 54 Ill.2d 487, 493, 298 N.E.2d 164, 167, the court stated that:
"* * * until otherwise provided by rule of this court or by statute a defendant convicted of a misdemeanor who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his constitutional rights may institute a proceeding in the nature of a proceeding under the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1971, ch. 38, pars. 122-1, 122-7.)"
Certain other limitations as to this right are then set forth which are not pertinent to our consideration herein. There is no statutory provision for a post-conviction petition in a delinquency proceeding brought under the Juvenile Court Act (Ill. Rev. Stat. 1977, ch. 37, par. 701-1 et seq.). It is also manifest that a proceeding under the Juvenile Court Act is not a criminal trial. The proceedings are commenced by the filing of a petition alleging delinquency and by the service of summons, not by the issuance of a warrant. Nor is the minor "convicted" or "sentenced." In fact the Juvenile Court Act specifically provides that any adjudication under it *496 shall not be "* * * denominated a conviction." (Ill. Rev. Stat. 1977, ch. 37, par. 702-9.) He may be committed to the Department of Corrections but he is not given a "sentence" for a definite time as is an adult.
The defendant contends, in his supplemental brief, that section 1-2(3)(a) of the Juvenile Court Act allows the use in juvenile proceedings of the section 122-1 post-conviction petition. The language of the Juvenile Court Act upon which he specifically depends states as follows:
"a) The procedural rights assured to the minor shall be the rights of adults unless specifically precluded by laws which enhance the protection of such minors." Ill. Rev. Stat. 1977, ch. 37, par. 701-2(3)(a).
The supreme court in In re Beasley (1977), 66 Ill.2d 385, 362 N.E.2d 1024, refused to apply the provisions of Supreme Court Rule 402 (Ill. Rev. Stat. 1977, ch. 110A, par. 402), to juvenile proceedings, holding that proceedings under the Juvenile Court Act are indicated by statute to be noncriminal in nature (Ill. Rev. Stat. 1975, ch. 37, par. 702-9) and, for example, held that the right to a jury trial is not applicable to proceedings in a juvenile court.
 2 We do not believe that the provisions of the Post-Conviction Hearing Act, directly applicable to criminal proceedings, should be extended to juvenile proceedings. It would serve little purpose to enumerate the various safeguards set out in the Juvenile Court Act which are not applicable to adult criminal proceedings.
Counsel has pointed out that in People v. Pier (1972), 51 Ill.2d 96, 281 N.E.2d 289, the supreme court held that a defendant in a criminal case could raise the issue of substantial denial of his constitutional rights occurring either at the time of his conviction or at the hearing on a petition to revoke his probation. We do not find this to be applicable here. Once again, the court there was considering a criminal proceeding which, as we have pointed out, is not the same as a juvenile proceeding. We refuse to extend this principle, which we do not deem applicable to hearings under the Juvenile Court Act. If we allow the use of section 122-1 proceedings in juvenile cases as a matter of right, as the defendant apparently contends, we are of the opinion that we would then walk further down the road of judicial piecemeal abolition of the Juvenile Court Act, which we do not wish to do. Additionally, such an extension could not help but contribute to a sense of uncertainty regarding the juvenile court system which would certainly not be in the best interests of this or any other minor. In the case of In re Blakes (1972), 4 Ill. App.3d 567, 281 N.E.2d 454, the juvenile respondent therein sought to equate a juvenile delinquent's dispositional hearing with a criminal trial, which the court refused to do, citing the Supreme Court of the United States in McKeiver *497 v. Pennsylvania (1971), 403 U.S. 528, 551, 29 L.Ed.2d 647, 664, 91 S.Ct. 1976:
"`* * * If the formalities of the criminal adjudicative process are to be superimposed upon the juvenile court system, there is little need for its separate existence. Perhaps that ultimate disillusionment will come one day, but for the moment we are disinclined to give impetus to it.'" (4 Ill. App.3d 567, 572.)
We find the United States' Supreme Court's statement is dispositive of the situation before us for the reasons above stated.
 3 The trial court, as we have indicated, denied the petition for post-conviction relief on its merits, a decision with which we concur. However, the trial court was in error in granting a hearing on the merits of the petition for post-conviction relief in a juvenile proceeding for the reasons which we have stated herein. The post-conviction relief petition was without authority and, pursuant to Supreme Court Rule 366(a)(5) (Ill. Rev. Stat. 1977, ch. 110A, par. 366(a)(5)), authorizing this court to enter any order that ought to have been made, we dismiss the post-conviction petition filed below.
Dismissed.
RECHENMACHER and NASH, JJ., concur.