95 Ill. App.3d 1106 (1981)
420 N.E.2d 1041
In re A.W.H., a Minor.  (THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee,
v.
A.W.H., Petitioner-Appellant.)
No. 79-657.
Illinois Appellate Court  Fifth District.
Opinion filed April 3, 1981.
John H. Reid and E. William Hutton, both of State Appellate Defender's Office, of Mt. Vernon, and Steven L. Merker, law student, for appellant.
James E. Dull, State's Attorney, of Mt. Vernon (Martin N. Ashley, of State's Attorneys Appellate Service Commission, of counsel), for the People.
Judgment affirmed.
Mr. JUSTICE JONES delivered the opinion of the court:
The minor in these proceedings was adjudicated a delinquent in July 1977 in the circuit court of Jefferson County for contributing to the sexual delinquency of a minor. In September 1977, he was placed on probation for this offense. That probation was revoked in February 1978, pursuant to a hearing at which the court found that the minor had committed felony criminal damage to property and misdemeanor theft. On March 1, 1978, the minor was committed to the Department of Corrections, from which he has subsequently been released.
On August 29, 1979, the minor filed a pro se post-conviction petition in which he alleged that at the July 1977 hearing he was (1) adjudicated delinquent based on insufficient evidence and (2) denied effective *1107 assistance of counsel. The trial court entered the following order on November 26, 1979: "Post-conviction Petition dismissed pursuant to In the Interest of R.R., 394 N.E.2d 75, 31 Ill. Dec. 159 (2d 1979). Notices." The minor appeals from this dismissal, and requests this court to remand the case for a hearing on his petition.
 1 As the trial court correctly noted, this issue has been decided in In re R.R. (1979), 75 Ill. App.3d 494, 394 N.E.2d 75, cert. denied, 447 U.S. 1122, 65 L.Ed.2d 1122, 100 S.Ct. 3025. In that case the court held that the provisions of the Post-conviction Hearing Act (Ill. Rev. Stat. 1979, ch. 38, par. 122-1 et seq.) do not apply to juvenile proceedings and that summary dismissal of a minor's post-conviction petition is required. Under In re R.R., which we believe was correctly decided, the trial court acted properly in dismissing the August 1979 petition. We must therefore affirm that order.
In In re Beasley (1977), 66 Ill.2d 385, 389-90, 362 N.E.2d 1024, 1026, our supreme court held (with appropriate citations which we omit):
"The full expectation of the separate and distinct treatment of juveniles under the various State juvenile court acts has not been realized [citations], and certain due process safeguards normally associated with criminal proceedings have been extended for the protection of juveniles to accord to them fundamental fairness. However, `the juvenile court proceeding has not yet been held to be a "criminal prosecution".'"
In In re Thomas (1979), 77 Ill. App.3d 299, 300, 396 N.E.2d 31, the court reaffirmed its statement in In re Buchanan (1978), 62 Ill. App.3d 463, 465, 379 N.E.2d 122, "that collateral remedies, such as post-conviction relief, are available to adult offenders but do not apply to juveniles." The Thomas court also cited In re R.R. for that same proposition, which we deem to be now well established.
In reaching our conclusion in this case we have not been unmindful of persuasive countervailing arguments. For instance, the Post-Conviction Hearing Act has in certain instances been extended to applications that are not within the confines that a literal application of its terms would allow. In People v. Pier (1972), 51 Ill.2d 96, 281 N.E.2d 289, the term "conviction" was held to include a revocation of probation. In People ex rel. Palmer v. Twomey (1973), 53 Ill.2d 479, 292 N.E.2d 379, People v. Davis (1968), 39 Ill.2d 325, 235 N.E.2d 634, and People v. Bain (1973), 10 Ill. App.3d 363, 293 N.E.2d 758, the phrase "imprisonment" was interpreted to allow post-conviction petitions by prisoners who had been released before the hearing on the petition could be held. In People v. Warr (1973), 54 Ill.2d 487, 298 N.E.2d 164, the supreme court extended the protections of the Post-Conviction Hearing Act to misdemeanants who had never been imprisoned.
*1108  2 Although the Post-Conviction Hearing Act furnishes no suggestion that it was designed to enhance the protection of minors, neither does it specifically preclude its application to juvenile proceedings. It may then be argued that this would permit application in this case of that provision of the Juvenile Court Act which states:
"The procedural rights assured to the minor shall be the rights of adults unless specifically precluded by laws which enhance the protection of such minors." Ill. Rev. Stat. 1979, ch. 37, par. 701-2(3) (a).
Despite the foregoing considerations, we remain of the opinion that our colleagues in the Second District followed sound reasoning and reached the correct result in R.R. We will adhere to their decision.
Affirmed.
KARNS and HARRISON, JJ., concur.