*In re* M.S.S., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. M.S.S., Respondent-Appellant).

Second District   No. 2—86—0213

Opinion filed April 22, 1987.

G. Joseph Weller and Manuel S. Serritos, both of State Appellate Defender's Office, of Elgin, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (William L. Browers and Ronald S. Shapiro, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOPF delivered the opinion of the court:

M.S.S. was adjudicated a delinquent minor pursuant to section 2—2 of the Juvenile Court Act (Ill. Rev. Stat. 1985, ch. 37, par. 702—2), and he was ordered committed to the Department of Corrections. On the same date, M.S.S. was adjudicated an addicted minor pursuant to section 2—3.1 of the Act (Ill. Rev. Stat. 1985, ch. 37, par. 702—3.1), and he was given two years' court supervision. The minor appeals, contending that the Juvenile Court Act (the Act) prohibits the trial court from sentencing an addicted minor to the Department of Corrections.

On October 31, 1984, the State filed a petition for adjudication of wardship of M.S.S., alleging that he was delinquent in that he committed aggravated assault (Ill. Rev. Stat. 1985, ch. 38, par. 12—2) and criminal damage to property (Ill. Rev. Stat. 1985, ch. 38, par. 21—1(a)). The minor entered an admission of guilt as to the aggravated

assault charge, and he agreed to make restitution on the criminal damage to property count. On December 27, 1984, the State filed a supplemental petition for adjudication of wardship alleging that M.S.S. committed the offense of criminal damage to property (Ill. Rev. Stat. 1985, ch. 38, par. 21—1(a)) and burglary (Ill. Rev. Stat. 1985, ch. 38, par. 19—1(a)). The minor entered admissions of guilt to each count. The minor was adjudicated delinquent and given a probation term which terminated on April 2, 1986. On February 4, 1985, the State petitioned for a hearing on alleged probation violations. Among the violations alleged and subsequently admitted were the minor's failure to participate in an alcohol and drug program and the minor's commission of misdemeanor theft (Ill. Rev. Stat. 1985, ch. 38, par. 16—1(a)). The minor's probation was extended to July 16, 1986, as the result of these violations.

In the months that followed, numerous other petitions to revoke the minor's probation were filed by the State. At one hearing, the minor admitted that he left Gateway House, where he was undergoing treatment for substance abuse. He was subsequently sent for inpatient treatment at Silver Cross Hospital. Another petition to revoke was based on the minor's discharge from that hospital for sniffing glue and taking amphetamines. The court found the State had carried its burden of proof and extended the minor's probation to March 25, 1987. Then, on December 18, 1985, the State filed yet another petition to revoke the probation alleging, among other things, that the minor failed to cooperate with substance abuse counseling. On December 30, 1985, the State filed a supplemental petition, alleging that M.S.S. had committed criminal damage to property (Ill. Rev. Stat. 1985, ch. 38, par. 21—1(a)), disorderly conduct (Ill. Rev. Stat. 1985, ch. 38, par. 26—1(a)(1)), assault (Ill. Rev. Stat. 1985, ch. 38, par. 12—1(a)), and unlawful possession of cannabis (Ill. Rev. Stat. 1985, ch. 56½, par. 704(d)). Two weeks later, the minor filed a petition to be treated as an addict pursuant to section 5—2(1)(a)(3) of the Juvenile Court Act and section 21 of the Alcoholism and Substance Abuse Act (Ill. Rev. Stat. 1985, ch. 111½, par. 6321). The State objected, and the trial court denied the minor's petition. In ruling, the court noted that it believed the State's objection resulted in its inability to grant the minor's petition, but, in any event, the minor had shown no commitment to a drug rehabilitation program, and under those circumstances, the trial court could not allow the minor to be treated as an addict for sentencing purposes.

On January 31, 1986, the public defender filed a petition requesting adjudication of the minor as an addicted minor (Ill. Rev. Stat.

1985, ch. 37, par. 702—3.1). On that same date, M.S.S. admitted to counts II through V of the State's most recent petition to revoke his probation. The court adjudicated the minor delinquent and ordered him committed to the Department of Corrections. The court also found M.S.S. to be an addicted minor and subsequently signed an order of placement of the minor under court supervision for two years. The supervision was to run concurrently with the minor's commitment to the Department of Corrections.

■■ The sole question on appeal is whether a minor found to be an addicted minor under section 2—3.1 of the Juvenile Court Act (Ill. Rev. Stat. 1985, ch. 37, par. 702—3.1) can be committed to the Department of Corrections pursuant to a separate petition for an adjudication of delinquency. We hold that he can.

■■ Section 5—2(1)(c) of the Juvenile Court Act (Ill. Rev. Stat., 1985, ch. 37, par. 705—2(1)(c)) provides that a minor found to be an addicted minor under section 2—3.1 of the Act is subject to one of several alternative dispositions. The last sentence of that paragraph states, "[n]o disposition under this subsection shall provide for the minor's placement in a secure facility." We hold that the clear language that placement in a secure facility is not permissible when disposition is under that particular subsection limits the prohibition against placing a minor in a secure facility to dispositions relating to the court's finding that the minor is an addict. The intention of the legislature seems to be the protection of minors who are in the court system by reason of their addiction. It is a primary rule of statutory construction that the intention of the legislature should be ascertained and given effect. The language of the statute is the best indication of the intention of the legislature, and where the intent can be ascertained from the language of the statute, it will be given effect without resorting to other construction aids. (*People v. Robinson* (1982), 89 Ill. 2d 469, 475-76, 433 N.E.2d 674.) We hold that under the clear language of the statute, the trial court was prohibited from committing the minor to the Department of Corrections as a disposition for being an addicted minor. Here, the trial court entered an order of two years' court supervision for the minor's disposition on the petition to find him an addicted minor. This disposition was a permissible one under section 5—2(1)(c) of the Act (Ill. Rev. Stat. 1985, ch. 37, par. 705—2(1)(c)).

To hold, as the minor argues we should, that a minor cannot be committed to the Department of Corrections in a dispositional order pursuant to an adjudication of delinquency if he is also found to be an addicted minor would be to cause a conflict within section 5—2(1) of

the Act (Ill. Rev. Stat. 1985, ch. 37, par. 705—2(1)). Section 5—2(1)(a)(5) of the Act (Ill. Rev. Stat. 1985, ch. 37, par. 705—2(1)(a)(5)) provides that a minor found to be delinquent may be committed to the Department of Corrections. Giving further support to our construction of the statute is the language under section 5—2(1)(a)(3) (Ill. Rev. Stat. 1985, ch. 37, par. 705—2(1)(a)(3)) which states that a delinquent minor may be ordered admitted for treatment for drug addiction by the Illinois Department of Alcoholism and Substance Abuse, where authorized by the Alcoholism and Substance Abuse Act (Ill. Rev. Stat. 1985, ch. 111½, par. 6301 *et seq.*). This provision gives the trial court the alternative of placing a delinquent minor, who might otherwise be a candidate for the Department of Corrections, in treatment for substance abuse. Clearly, however, that disposition is only an alternative which is available as authorized by the Alcoholism and Substance Abuse Act (Ill. Rev. Stat. 1985, ch. 111½, par. 6301 *et seq.*). Under section 23 of that Act (Ill. Rev. Stat. 1985, ch. 111½, par. 6323), the trial court may, if it determines that such an individual is an addict and is likely to be rehabilitated through treatment, place the offender on probation under the supervision of the Illinois Department of Alcoholism and Substance Abuse. In this case, the trial court clearly stated, many times, its belief that the minor was not likely to be rehabilitated, as evidenced by the minor's lack of commitment to the substance programs in which he had been enrolled on many occasions. Thus, we conclude that the trial court could properly sentence the minor to the Department of Corrections for the adjudication of delinquency.

Finally, the minor argues that even if the trial court could sentence him to the Department of Corrections, the record evidences the trial court's mistaken belief that it was without discretion to consider sentencing alternatives available to addicts. The minor argues that the trial court mistakenly believed that the prosecutor must agree to allow the minor to be treated as an addict. While the trial court indicated that it did not have the discretion to allow M.S.S. to be treated as an addict if the prosecution objected, the trial court found that point moot since it specifically concluded that M.S.S. was unlikely to be rehabilitated. We thus find it unnecessary to address the issue raised by the minor's brief regarding whether the trial court erred in determining it had no discretion to order that M.S.S. be treated as an addict because the State objected.

■ The minor also argues that the trial court's decision to commit him to the Department of Corrections constituted an abuse of discretion. The minor argues that his lack of success at prior efforts of

rehabilitation was a direct product of his drug affliction. We cannot countenance such an argument. To do so would be to allow a person to escape punishment and yet make no attempt toward rehabilitation. The offender's past efforts and success in drug rehabilitation programs are perhaps the best predictors of the offender's motivation and ability to be rehabilitated in the future. We hold that the facts here strongly indicate a lack of commitment and little likelihood of rehabilitation. The appellate court will only disturb the trial court's disposition on a delinquency adjudication where the trial court's judgment amounts to an abuse of discretion. *In re Buchanan* (1978), 62 Ill. App. 3d 463, 467, 379 N.E.2d 122.

Accordingly, we affirm the judgment of the circuit court of Lake County.

Affirmed.

LINDBERG, P.J., and WOODWARD, J., concur.