(No. 89320

*In re* A.G., a Minor (The People of the State of Illinois, Appellant, v. A.G., Appellee).

*Opinion filed March 22, 2001.*

James E. Ryan, Attorney General, of Springfield, and Marshall E. Douglas, State's Attorney, of Rock Island (Joel D. Bertocchi, Solicitor General, William L. Browers and Anne S. Bagby, Assistant Attorneys General, of Chicago, and Norbert J. Goetten, John X. Breslin and Gary F. Gnidovec, of the Office of the State's Attorneys Appellate Prosecutor, of Ottawa, of counsel), for the People.

Robert Agostinelli, Deputy Defender, and Peter Carusona and Kerry J. Sluis, Assistant Defenders, of the Office of the State Appellate Defender, of Ottawa, for appellee.

JUSTICE THOMAS delivered the opinion of the court:

Pursuant to the Juvenile Court Act of 1987 (the Juvenile Court Act) (705 ILCS 405/5—101 *et seq.* (West 1998)), the State filed an amended delinquency petition against the respondent, A.G., in the circuit court of Rock Island County alleging five separate offenses. The respondent entered an admission to two of the counts in exchange for the State's agreement to dismiss the three remaining counts. After hearing a factual basis for the admission, the trial court adjudicated the respondent a delinquent minor and entered a dispositional order. Thereafter, the respondent's counsel filed a motion to reconsider the disposition, but did not file a certificate of compliance as contemplated by Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)). The trial court denied the respondent's motion to reconsider, and the respondent appealed that decision to the appellate court. On appeal, the appellate court did not reach the merits of the appeal, but instead remanded the cause to the trial court for strict compliance with Rule 604(d). No. 3—99—0515 (unpublished order). The State now appeals from that ruling, presenting the question of whether compliance with Rule 604(d) is required in cases involving delinquency appeals.

## BACKGROUND

On February 2, 1999, the State filed a delinquency petition against the 16-year-old respondent, charging him with two counts of residential burglary (720 ILCS 5/19—3 (West 1998)), one count of unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 1998)), and one count of theft (720 ILCS 5/16—1(a)(1)(A) (West 1998)). On February 16, 1999, the State amended the petition to include one count of unlawful possession of cannabis (720 ILCS 550/4(a) (West 1998)). That same day, the respondent entered an admission to one count of res-

idential burglary and one count of unlawful possession of cannabis. In exchange for his admission, the State agreed to dismiss the remaining three counts. Prior to accepting the admission, the trial court admonished the respondent of the potential minimum and maximum disposition for each count to which he admitted. The trial court also informed the respondent that by entering an admission he would forfeit his rights to a trial, to testify, and to confront the witnesses against him. The trial court then found that the respondent's admission was made knowingly and voluntarily. After receiving a factual basis for the admission, the trial court found the respondent to be a delinquent minor. Following a dispositional hearing on March 12, 1999, the respondent was ordered committed to the Department of Corrections, Juvenile Division, until he reaches the age of 21.

On April 9, 1999, the respondent's counsel filed a motion in the circuit court to reconsider the disposition but did not file a certificate pursuant to Rule 604(d). The trial court denied the respondent's motion to reconsider, and the respondent then filed a timely notice of appeal. On appeal to the appellate court, the respondent filed a motion noting his counsel's failure to file a Rule 604(d) certificate and requesting that the cause be remanded to the circuit court for proceedings consistent with Rule 604(d). The State argued that the respondent's appeal should be dismissed because he filed a motion to reconsider the disposition and not a motion to withdraw his admission as required by Rule 604(d). In the alternative, the State argued that the court should deny the respondent's motion to remand because the question of whether the requirements of Rule 604(d) are applicable to juvenile proceedings is unresolved. The appellate court allowed the respondent's motion to remand the cause for compliance with Rule 604(d).

The State sought leave to appeal to this court, and

we granted its petition. While the State's petition for leave to appeal was pending, this court decided *People v. Lumzy*, which held that when no agreement exists between the parties as to a defendant's sentence, the defendant can seek reconsideration of his sentence by filing a motion to reconsider the sentence without moving to withdraw his guilty plea. *People v. Lumzy*, 191 Ill. 2d 182, 186-87 (2000). In the aftermath of the *Lumzy* decision, this court has amended Rule 604(d) to more precisely define the term "negotiated plea" for purposes of the rule. Official Reports Advance Sheet No. 23 (November 15, 2000), R. 604(d), eff. November 1, 2000. As a result of the *Lumzy* decision, the State now concedes that the respondent's appeal should not have been dismissed for failure to file a motion to vacate the disposition. Instead, the State argues that the appellate court's decision remanding the cause to allow compliance with the certificate requirements of Rule 604(d) should be reversed. The State contends that Rule 604(d) should not be applied to juvenile proceedings.

## ANALYSIS

Supreme Court Rule 604(d) addresses guilty pleas, which are equivalent to admissions in juvenile court. The version of the rule in effect at the time of respondent's admission provided in relevant part that a defendant cannot appeal a judgment entered upon a plea of guilty that was not negotiated unless he files a motion to reconsider the sentence within 30 days of the judgment, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment. 145 Ill. 2d R. 604(d). The rule further provides that "[t]he defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain his contentions of error in the sentence or the entry of the plea of guilty, has examined

the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." 145 Ill. 2d R. 604(d).

Supreme Court Rule 660(a) provides that "[a]ppeals from final judgments in delinquent minor proceedings, except as otherwise specifically provided, shall be governed by the rules applicable to criminal cases." 134 Ill. 2d R. 660(a). The State acknowledges that the phrase "rules applicable to criminal cases" has been construed as referring to the supreme court rules, and in particular Rule 615(a) and Rule 604(d). *In re W.C.*, 167 Ill. 2d 307, 322 (1995). Nonetheless, the State argues that there is some confusion as to which supreme court rules are applicable to delinquency proceedings. Citing *In re Beasley*, 66 Ill. 2d 385 (1977), the State notes that the court in that case found that Rule 402 was not intended to apply to juvenile cases. The State claims that the confusion is augmented by language in *People v. Wilk*, 124 Ill. 2d 93, 103 (1988), stating that Rules 402, 604(d) and 605(b) are "meant to mesh together." Finally, the State asserts that the purpose of Rule 604(d) will not be served in the delinquency context because the rule does not provide any due process protections.

We initially note that the Juvenile Court Act has been significantly amended since this court's decision in *In re Beasley*. Although proceedings under the Act are still not criminal in nature and are to be administered in a spirit of humane concern for, and to promote the welfare of, the minor (*In re Beasley*, 66 Ill. 2d at 389), article V of the Act has been reconfigured and now contains a purpose and policy section which represents a fundamental shift from the singular goal of rehabilitation to include the overriding concerns of protecting the public and holding juvenile offenders accountable for violations of the law. 705 ILCS 405/5—101 (West 1998); *In re G.O.*, 191

Ill. 2d 37, 61 (2000) (Heiple, J., dissenting). The General Assembly has now specifically set forth the purpose and policy of the Juvenile Court Act as it relates to delinquent minors as follows:

"It is the intent of the General Assembly to promote a juvenile justice system capable of dealing with the problem of juvenile delinquency, a system that will protect the community, impose accountability for violations of law and equip juvenile offenders with compentencies to live responsibly and productively. To effectuate this intent, the General Assembly declares the following to be important purposes of this Article:

(a) To protect citizens from juvenile crime.

(b) To hold each juvenile offender directly accountable for his or her acts.

(c) To provide an individualized assessment of each alleged and adjudicated delinquent juvenile, in order to rehabilitate and to prevent further delinquent behavior through the development of competency in the juvenile offender. \*\*\*

(d) To provide due process, as required by the Constitutions of the United States and the State of Illinois, through which each juvenile offender and all other interested parties are assured fair hearings at which legal rights are recognized and enforced." 705 ILCS 405/5—101(1) (West 1998).

In addition to the above-mentioned purpose and policy of the Act, we note that virtually all of the constitutional requirements of a criminal trial have been introduced into juvenile delinquency proceedings. These due process safeguards include the right to adequate notice of charges, the right to counsel, the right to remain silent, and the right to confront and cross-examine witnesses. *In re W.C.*, 167 Ill. 2d at 320-21. Further, the reasonable doubt standard of proof and the rules of evidence used at criminal proceedings are applicable at the adjudicatory hearing and in consideration of whether the minor is delinquent. *In re W.C.*, 167 Ill. 2d at 321. In fact, the Act specifically provides that with the exception of

the right to a jury trial, minors shall have *"all the procedural rights of adults in criminal proceedings"* unless specifically excluded by laws enhancing the minor's protection. (Emphasis added.) 705 ILCS 405/5—101(3) (West 1998).

Given that many of the attributes of criminal proceedings have already been incorporated into juvenile delinquency proceedings and that Rule 660(a) specifically provides that the rules applicable to criminal cases are to govern delinquency appeals, it could reasonably be concluded that Rule 604(d) applies to delinquency proceedings. This court nearly concluded the same in *In re W.C.* when it observed that "[q]uite obviously, Rule 660(a) accomplishes a limited incorporation into the Act of those supreme court rules which may pertain to delinquency appeals" and that Rule 604(d) was an example of a supreme court rule applicable to delinquency appeals. *In re W.C.*, 167 Ill. 2d at 322. However, the respondent in that case had not entered an admission of guilt, as the respondent did in the present case, but instead had been adjudicated delinquent after the State proved the charges beyond a reasonable doubt at the adjudicatory hearing. *In re W.C.*, 167 Ill. 2d at 317. Moreover, the issue in *In re W.C.* was whether Rule 660(a) incorporated into the Juvenile Court Act the requirement of a written post-trial motion under section 116—1(b) of the Code of Criminal Procedure of 1963 (725 ILCS 5/116—1(b) (West 1998)). The court found that it did not, construing the term "rule" in Rule 660(a) as referring to other supreme court rules and not the rules of the Code of Criminal Procedure of 1963. *In re W.C.*, 167 Ill. 2d at 324. Thus, the issue of whether Rule 604(d) applies to delinquency proceedings was not directly before the court in *In re W.C.*

In support of its assertion that there is some doubt about the applicability of Rule 604(d) to delinquency ap-

peals, the State relies on *In re Beasley*, which held that Rule 402 was not intended to apply to such proceedings. However, we do not believe that *In re Beasley* supports the State's position that Rule 604(d) should not apply. First, *In re Beasley* found it significant that Rule 402 was contained in article IV of the supreme court rules, entitled "Rules on Criminal Proceedings in the Trial Court." In contrast, Rule 604(d) is contained in article VI, entitled "Appeals in Criminal Cases, Post-Conviction Cases and Juvenile Court Proceedings." Thus, Rule 402 concerns proceedings in the trial court, while Rule 604(d) concerns appellate procedure and is directly within the ambit of Rule 660(a). Second, the court in *In re Beasley* found that, although Rule 402 did not apply to delinquency proceedings, the due process rights the rule was designed to protect did apply to such proceedings. The court held that to satisfy due process requirements, it must be apparent that minors understand the consequences of their admissions; that is, that they understand their rights against self-incrimination, to confront witnesses, to have a trial, and that by their admissions, they waive these rights. *In re Beasley*, 66 Ill. 2d at 391-92. The court noted that one of the admonitions required by Rule 402, that of the defendant's right to a jury, was not even applicable to a juvenile proceeding because juveniles do not have a right to a jury trial. *In re Beasley*, 66 Ill. 2d at 390. Because Rule 402 was broader than needed in the juvenile setting and not all of its provisions were constitutionally required, the court declined to apply Rule 402 to delinquency proceedings. *In re Beasley*, 66 Ill. 2d at 391. In contrast to Rule 402, however, all of the provisions of Rule 604(d) would be useful and applicable to juvenile proceedings.

The State is mistaken in its assertions that Rule 604(d) would not be useful in the context of delinquency proceedings and would not provide any due process

protections. Rule 604(d) is designed to protect due process rights and to eliminate unnecessary appeals. *People v. Shirley*, 181 Ill. 2d 359, 362 (1998). Compliance with the motion requirement of Rule 604 permits the trial judge who accepted the plea and imposed sentence to consider any allegations of impropriety that took place *dehors* the record, and correct any error that may have led to the guilty plea. *Shirley*, 181 Ill. 2d at 361, citing *Wilk*, 124 Ill. 2d at 104. Requiring the defendant's counsel to file the requisite certificate enables the trial court to ensure that counsel has reviewed the defendant's claim and has considered all relevant bases for the motion to withdraw the guilty plea or to reconsider the sentence. *Shirley*, 181 Ill. 2d at 361. The attorney certificate thereby encourages the preservation of a clear record, both in the trial court and on appeal, of the reasons why a defendant is moving to withdraw his plea or to reduce sentence. *Shirley*, 181 Ill. 2d at 361.

In *Wilk*, the court noted that "Rules 402, 604(d) and 605(b), which concern guilty pleas, are meant to mesh together not only to ensure that defendants' constitutional rights are protected, but also to avoid abuses by defendants." *Will*, 124 Ill. 2d at 103. Relying on this language, the State argues that because Rule 402 does not apply to delinquency proceedings, Rule 604(d) should not apply either. The State, however, does not offer any persuasive explanation for its claim, nor does it articulate any harm that would result from application of Rule 604(d) in the present context. The State's position must be rejected. As previously explained, the due process protections served by Rule 402 are in place in delinquency proceedings even if the rule itself has been held inapplicable. Moreover, Rule 604(d) protects due process rights and allows the trial court to correct any error that might have led to the admission. Additionally, application of the rule to juvenile proceedings is particularly

322

important given that this court has not reviewed holdings of the appellate court concluding that relief from such proceedings is unavailable under the Post-Conviction Hearing Act. See, *e.g.*, *In re A.W.H.*, 95 Ill. App. 3d 1106, 1107 (1981); *In re R.R.*, 75 Ill. App. 3d 494, 496 (1979). Accordingly, we hold that compliance with the Rule 604(d) certificate requirement is required in juvenile proceedings.

Lastly, the defendant urges us to hold that a juvenile's failure to file a post-admission motion pursuant to Rule 604(d) should not serve as a jurisdictional bar to a notice of appeal. Here, however, it is undisputed that the respondent did in fact file a post-admission motion to reconsider his disposition. Accordingly, we will not decide on these facts whether such a motion is a jurisdictional prerequisite to taking a delinquency appeal.

CONCLUSION

For the foregoing reasons, the judgment of the appellate court is affirmed.

*Affirmed.*