767 N.E.2d 846 (2002)
328 Ill. App.3d 974
263 Ill.Dec. 120
In re W.M., a Minor (The People of the State of Illinois, Petitioner-Appellee,
v.
W.M., Respondent-Appellant).
No. 3-00-0908.
Appellate Court of Illinois, Third District.
March 22, 2002.
*847 Thomas A. Karalis (argued), Office of the State Appellate Defender, Ottawa, for W.M.
John X. Breslin, Deputy Director, State's Attorneys Appellate Prosecutor, Ottawa, Edward D. Smith, State's Attorney, Kankakee, Deidre Donnellan (argued),
Justice SLATER delivered the opinion of the court:
The State filed a four-count delinquency petition against the respondent, W.M., in the circuit court of Kankakee County alleging that respondent had committed the offenses of burglary (720 ILCS (West 2000)) and criminal trespass to vehicles (720 ILCS 5/21-2 (West 2000)). Respondent entered an admission to two counts of burglary pursuant to a plea agreement and the trial court adjudicated the respondent a delinquent minor. Respondent was subsequently sentenced to the Department of Corrections for an indeterminate period. Respondent now appeals, and we remand.

Background
On July 18, 2000, the State filed a four-count delinquency petition against the 15-year-old respondent, charging him with burglary and criminal trespass to two automobiles. Both incidents allegedly occurred on July 16, 2000. Three days earlier, on July 13, 2000, respondent had been placed on five years' probation for residential burglary.
On October 2, 2000, respondent appeared in court with his appointed counsel, Assistant Public Defender Sherri Carr. Carr advised the court that pursuant to a plea agreement, respondent would admit to the burglary allegations in exchange for dismissal of the criminal trespass charges, as well as dismissal of an unrelated domestic battery charge. The court admonished respondent that an admission waived his right to remain silent, his right to require the State to prove the charges, his right to a hearing, to present evidence and witnesses, and to cross-examine the State's witnesses. The court also informed respondent that the burglary charges would have been class 2 felonies if he had been charged as an adult. After respondent acknowledged that he had not been coerced and was acting voluntarily, the State presented a factual basis for the pleas. Respondent had been observed entering two vehicles, was apprehended and *848 gave a statement admitting he had done so. He was in possession of several items taken from the automobiles and his fingerprints were found inside the cars. The trial court entered a finding of delinquency and adjudicated respondent a ward of the court.
A dispositional hearing was held on November 15, 2000, and the respondent was committed to the juvenile division of the Department of Corrections for an indeterminate period. The court advised respondent of his right to appeal and of the need to file a motion to withdraw his plea or a motion to reconsider the sentence within 30 days if he planned to appeal. When respondent stated that he did not understand, the trial court repeated the admonitions and respondent indicated that he understood. At the conclusion of the hearing, respondent's counsel requested the filing of a notice of appeal on respondent's behalf and appointment of the appellate defender. The court granted both requests and the clerk of the court filed the notice of appeal on November 27, 2000.

Analysis
Respondent contends that the adjudication of delinquency must be vacated because the record fails to show that he was aware of the consequences of his admission. Specifically, respondent notes the absence of any indication in the record that he was informed of the potential dispositions he could receive as a result of being adjudicated a delinquent minor. See In re S.K, 137 Ill.App.3d 1065, 92 Ill.Dec. 767, 485 N.E.2d 578 (1985) (vacating adjudication of delinquency where juvenile was not advised that he could be placed in Department of Corrections as consequence of his admission); see also In re Beasley, 66 Ill.2d 385, 6 Ill.Dec. 202, 362 N.E.2d 1024 (1977) (due process requires that minor is aware of consequences of admission).
Respondent recognizes, however, that consideration of the substantive issue in this case is dependent upon the resolution of a procedural one. No post-admission or post-disposition motion was filed prior to the filing of the notice of appeal, despite the trial court's admonitions. Supreme Court Rule 604(d) provides in part:
"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which the sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment." Official Reports Advance Sheet No. 23 (November 15, 2000), R. 604(d), eff. November 1, 2000.
Compliance with Rule 604(d) is a condition precedent to taking an appeal from a guilty plea in a criminal case. People v. Wilk, 124 Ill.2d 93, 124 Ill.Dec. 398, 529 N.E.2d 218 (1988). Furthermore, it is clear that Rule 604(d) is applicable to juvenile proceedings. See In re A.G., 195 Ill.2d 313, 320, 253 Ill.Dec. 911, 746 N.E.2d 732, 737 (2001) (holding that attorney certificate requirement of Rule 604(d) applies to juvenile proceedings and stating that "all of the provisions of Rule 604(d) would be useful and applicable to juvenile proceedings") (emphasis added). What is not clear, however, is whether the failure to file a post-disposition motion requires this court to dismiss respondent's appeal. See In re A.G., 195 Ill.2d 313, 253 Ill.Dec. 911, 746 N.E.2d 732 (expressly declining to decide whether filing of 604(d) motion is a prerequisite to taking a delinquency appeal).
*849 The State argues that respondent's failure to comply with Rule 604(d) deprives this court of jurisdiction and requires dismissal of the appeal. We disagree. As explained in People v. McKay, 282 Ill. App.3d 108, 218 Ill.Dec. 96, 668 N.E.2d 580 (1996), a 604(d) motion is not jurisdictional in the same sense as a notice of appeal is essential to vest the appellate court with jurisdiction. Jurisdiction refers to the power and authority of a court to hear and determine a judicial proceeding. Black's Law Dictionary 853 (6th ed.1990). If Rule 604(d) affected jurisdiction, noncompliance would mandate dismissal of an appeal regardless of the circumstances. Yet our supreme court has recognized an exception to 604(d) where the trial court fails to admonish the defendant in accordance with Rule 605(b) (145 Ill.2d R. 605(b)). See People v. Foster, 171 Ill.2d 469, 216 Ill.Dec. 565, 665 N.E.2d 823 (1996) (recognizing "admonition exception" to Rule 604(d)). As noted in McKay, "Wilk and its progeny, therefore, withdraw from an appellate court not jurisdiction, but rather the decision whether waiver should bar the appeal of a defendant who has not filed a Rule 604(d) motion." McKay, 282 Ill.App.3d at 111, 218 Ill.Dec. 96, 668 N.E.2d at 583.
Since the issue is one of waiver rather than jurisdiction, the question is not whether we can consider respondent's appeal but whether we should. Of course if this were a criminal case Wilk would dictate dismissal, leaving the respondent to his remedy under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 et seq. (West 2000)). See Wilk, 124 Ill.2d 93, 124 Ill.Dec. 398, 529 N.E.2d 218. However, this court has expressly held that the Act does not apply to juvenile proceedings. In re A.W.H., 95 Ill.App.3d 1106, 51 Ill. Dec. 483, 420 N.E.2d 1041 (1981); In re R.R., 75 Ill.App.3d 494, 31 Ill.Dec. 159, 394 N.E.2d 75 (1979); see also In re Thomas, 11 Ill.App.3d 299, 32 Ill.Dec. 918, 396 N.E.2d 31 (1979); In re Buchanan, 62 Ill.App.3d 463, 19 Ill.Dec. 607, 379 N.E.2d 122 (1978). Thus, if we were to apply the waiver doctrine and dismiss respondent's appeal, review of his claims would be foreclosed. His assertion that he was denied due process by the trial court's failure to inform him of the consequences of his admission, a claim with constitutional implications (see Beasley, 66 Ill.2d 385, 6 Ill. Dec. 202, 362 N.E.2d 1024), would escape scrutiny. Likewise, respondent's argument that his trial counsel was ineffective for failing to comply with Rule 604(d) would fall on deaf ears, despite the fact that "an attorney who stands with his client in a criminal proceeding, hears the admonishments of the court required by Rule 605(b), and fails to adhere to Rule 604(d) by moving to withdraw the plea prior to filing a motion of appeal has fallen short of providing competent representation." Wilk, 124 Ill.2d at 105-06, 529 N.E.2d at 222.
Accordingly, we hold that respondent's failure to file a post-disposition motion in accordance with Supreme Court Rule 604(d) does not require dismissal of his appeal. We recognize that our decision is in direct conflict with In re A.W., 185 Ill.App.3d 473, 133 Ill.Dec. 578, 541 N.E.2d 789 (1989), which relied on Wilk in dismissing a juvenile's appeal for failing to comply with Rule 604(d). See also Thomas, 77 Ill.App.3d 299, 32 Ill.Dec. 918, 396 N.E.2d 31 (pre-Wfc). Nevertheless, because a juvenile, unlike an adult offender, has no alternative means of presenting his claims, we believe it is appropriate to invoke Supreme Court Rule 615(a): "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court." 134 Ill.2d R. 615(a). We do not, however, consider the merits of respondent's appeal but instead remand this *850 cause to the circuit court for further proceedings in compliance with Rule 604(d). See Foster, 171 Ill.2d at 474, 216 Ill.Dec. 665 N.E.2d at 826 ("Where the appellate court may consider an appeal despite a defendant's noncompliance with Rule 604(d), the appellate court has no discretion and must remand for strict compliance therewith.")
Remanded.
LYTTON, P.J., and McDADE, J., concur.