185 Ill. App.3d 473 (1989)
541 N.E.2d 789
In re A.W., a Minor (The People of the State of Illinois, Petitioner-Appellee,
v.
A.W., Respondent-Appellant).
No. 5-87-0791.
Illinois Appellate Court  Fifth District.
Opinion filed June 29, 1989.
*474 Daniel M. Kirwan and Rita K. Peterson, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.
Mark H. Clarke, State's Attorney, of Cairo (Kenneth R. Boyle, Stephen E. Norris, and Debra A. Buchman, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.
Appeal dismissed.
JUSTICE HOWERTON delivered the opinion of the court:
Notwithstanding being told by the circuit court that he had to file a motion to withdraw his admission of juvenile delinquency before he could appeal, the juvenile filed a notice of appeal without first filing and obtaining a ruling on a motion to withdraw his admission.
The State has moved to dismiss his appeal because of that failure, and we grant that motion.
 1 Supreme Court Rule 660(a) provides that appeals in juvenile delinquency cases shall be governed by the rules applicable to criminal cases. 107 Ill.2d R. 660(a).
 2 Supreme Court Rule 604(d) governs appeals from pleas of guilty in criminal cases and provides in part:
"(d) Appeal by Defendant from a Judgment Entered upon a Plea of Guilty. No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to withdraw his plea of guilty and vacate the judgment. The motion shall be in writing and shall state the grounds therefor." 107 Ill.2d R. 604(d).
There is no question but that a person adjudicated a juvenile delinquent by admission of guilt must file a motion to withdraw the admission under Rule 604(d) in order to appeal. In re F.D. (1980), 89 Ill. App.3d 223, 228, 411 N.E.2d 1200, 1203; In re R.L.B. (1987), 158 Ill. App.3d 175, 175-76, 511 N.E.2d 836, 837.
The supreme court of Illinois recently held that Rule 604(d) is mandatory in appeals from pleas of guilty in criminal cases. People v. *475 Wilk (1988), 124 Ill.2d 93, 529 N.E.2d 218.
In Wilk, the supreme court of this State was point blank. The rules are not suggestions; they are rules. "It is incumbent upon * * * courts * * * to follow them." Wilk, 124 Ill.2d at 103, 529 N.E.2d at 221.
 3 In their teaching capacity, the supreme court, by Wilk, told us that Rule 604(d) has a purpose. That purpose is to allow the trial judge who took the plea the opportunity to hear allegations of impropriety and correct any error that may have produced a guilty plea. Our supreme court then said that a motion to withdraw a plea of guilty is a condition precedent to an appeal from a plea of guilty.
 4 In the case at bar, the juvenile attempts to distinguish Wilk on the grounds that in criminal cases the defendant will have a right to a hearing under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1987, ch. 38, par. 122-1 et seq.), but that juveniles have no corresponding right. Although it is true that there is language in Wilk that says its holding does not render defendant necessarily without remedy, we do not believe that language is central to the holding, and certainly we do not believe that a fair reading leads to the conclusion that that language is part of Wilk's holding. (Wilk, 124 Ill.2d at 107, 529 N.E.2d at 223.) We view the language as being in the nature of an anticipatory instruction to the parties and all others similarly situated. Furthermore, the language of Wilk is strong and justifiably so. The supreme court, not us, should be the court that announces that the supreme court rules, despite clear language to the contrary, do not apply to juvenile cases.
The appeal is hereby dismissed.
Appeal dismissed.
LEWIS and RARICK, JJ., concur.