(No. 93760.—)

*In re* WILLIAM M., a Minor (The People of the State of Illinois, Appellant, v. William M., Appellee).

*Opinion filed June 19, 2003.*

KILBRIDE, J., specially concurring.

McMORROW, C.J., joined by FREEMAN and RARICK, JJ., concurring in part and dissenting in part.

FREEMAN, J., joined by McMORROW, C.J., and RARICK, J., also concurring in part and dissenting in part.

James E. Ryan and Lisa Madigan, Attorneys General, of Springfield, and Edward D. Smith, State's Attorney, of Kankakee (Joel D. Bertocchi, Solicitor General, William L. Browers, Anne S. Bagby and Lisa Hoffman, Assistant Attorneys General, of Chicago, Norbert J. Goetten and John X. Breslin, of the Office of the State's Attorneys Appellate Prosecutor, of Ottawa, and Deidre A. Donnellan, of Plainfield, of counsel), for the People.

Robert Agostinelli, Deputy Defender, and Thomas A. Karalis, Assistant Defender, of the Office of the State Appellate Defender, of Ottawa, for appellee.

JUSTICE THOMAS delivered the opinion of the court:

At issue in this case is the issue left open in *In re A.G.*, 195 Ill. 2d 313 (2001): whether a postadmission

motion pursuant to Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)) is a jurisdictional prerequisite to taking a delinquency appeal. For the following reasons, we hold that it is not.

## BACKGROUND

The State filed a four-count delinquency petition against respondent, William M., in the circuit court of Kankakee County charging him with burglary and criminal trespass to two automobiles. On October 2, 2000, respondent appeared in court with his appointed counsel. Respondent's counsel informed the court that pursuant to a plea agreement, respondent would admit to the burglary allegations in exchange for the dismissal of the criminal trespass charges, as well as the dismissal of an unrelated domestic battery charge. The trial court admonished respondent that an admission waived his right to remain silent, to require the State to prove the charges, to a hearing, to present evidence and witnesses, and to cross-examine the State's witnesses. The trial court also informed respondent that the burglary charges would have been Class 2 felonies if he had been charged as an adult. Respondent acknowledged that he had not been coerced and was acting voluntarily. The trial court entered a finding of delinquency and adjudicated respondent a ward of the court.

On November 15, 2000, a dispositional hearing was held. Respondent was committed to the Department of Corrections, Juvenile Division, for an indeterminate period. The trial court advised respondent of his right to appeal and further advised respondent that if he planned to appeal, he had to file a motion to withdraw his plea or a motion to reconsider his sentence within 30 days. At the conclusion of the dispositional hearing, respondent's counsel requested the filing of a notice of appeal and the appointment of the appellate defender. The trial court granted both requests. The clerk of the court filed the

notice of appeal on November 27, 2000. Respondent's counsel, however, did not file a motion to withdraw respondent's guilty plea or a motion to reconsider his sentence.

On appeal, respondent argued that the adjudication of delinquency must be vacated because the record failed to show that he was aware of the consequences of his admissions or that he was informed of the potential dispositions he could receive if he was adjudicated a delinquent minor. 328 Ill. App. 3d 974, 976. Respondent acknowledged, however, that he had failed to file a post-admission or postdisposition motion pursuant to Rule 604(d) prior to filing his notice of appeal. 328 Ill. App. 3d at 976. The State argued that the appellate court was required to dismiss respondent's appeal. 328 Ill. App. 3d at 976. The State claimed that because respondent had failed to file a motion pursuant to Rule 604(d), the appellate court was without jurisdiction to consider respondent's appeal. 328 Ill. App. 3d at 976.

Citing *People v. McKay*, 282 Ill. App. 3d 108 (1996), the appellate court held that a Rule 604(d) motion is not jurisdictional in the same sense that a notice of appeal is jurisdictional. 328 Ill. App. 3d at 976-77. The appellate court stated that the failure to file a Rule 604(d) motion raises questions of waiver as opposed to questions of jurisdiction. 328 Ill. App. 3d at 977. Consequently, the appellate court characterized the issue before it as whether it should consider respondent's appeal, rather than whether it could consider the appeal. 328 Ill. App. 3d at 977. The appellate court noted that if the case were a criminal case, the proper procedure would be to dismiss the case and allow respondent to pursue his remedy under the Post-Conviction Hearing Act (725 ILCS 5/122—1 *et seq.* (West 2000)). 328 Ill. App. 3d at 977. However, because the Post-Conviction Hearing Act does not apply to juvenile proceedings, dismissal of respon-

dent's appeal would foreclose all review of respondent's claims, including a claim with constitutional implications and a claim of ineffective assistance of trial counsel. 328 Ill. App. 3d at 977. Consequently, the appellate court held that respondent's failure to file a postdisposition motion in accordance with Rule 604(d) did not require dismissal of his appeal. 328 Ill. App. 3d at 977. The appellate court, however, did not consider the merits of respondent's appeal, but instead remanded the cause to the trial court for further proceedings in compliance with Rule 604(d). 328 Ill. App. 3d at 978. This court then granted the State's petition for leave to appeal. 177 Ill. 2d R. 315(a).

## ANALYSIS

This court recently held that Rule 604(d) applies to juvenile proceedings. *In re A.G.*, 195 Ill. 2d 313, 322 (2001). Because the minor in that case had filed a postadmission motion, however, this court left open the issue of whether the filing of such a motion is a jurisdictional prerequisite to taking a delinquency appeal. *In re A.G.*, 195 Ill. 2d at 322.

In the context of adult defendants, this court has stated that a Rule 604(d) motion is a condition precedent to an appeal from a guilty plea. *People v. Wilk*, 124 Ill. 2d 93, 107 (1988). Consequently, this court held in *Wilk* that the appellate court properly dismissed the appeals of those defendants who had not filed motions to withdraw their guilty pleas in accordance with Rule 604(d) prior to filing the appeals. *Wilk*, 124 Ill. 2d at 105-06. This court recognized that a defendant is denied the effective assistance of counsel, appellate review, and other potential constitutional issues when his attorney fails to adhere to Rule 604(d) despite hearing the admonishments required by Supreme Court Rule 605(b) (188 Ill. 2d R. 605(b)). We noted, however, that the dismissal of the defendants' appeals did not leave those defendants without a remedy,

because relief was available to those defendants pursuant to the Post-Conviction Hearing Act. *Wilk*, 124 Ill. 2d at 107.

At issue in this case is the interpretation of the "condition precedent" language in *Wilk*. The State interprets the "condition precedent" language in *Wilk* as establishing that the failure to file a Rule 604(d) motion deprives the appellate court of jurisdiction over an appeal. The State further argues that because Rule 604(d) has been held to apply in the juvenile context, its jurisdictional component must also apply. In support of its argument that Rule 604(d) is jurisdictional, the State cites *In re A.W.*, 185 Ill. App. 3d 473 (1989).

In *In re A.W.*, the appellate court relied on *Wilk* in holding that a juvenile's failure to file a motion to withdraw his admission of juvenile delinquency prior to filing his notice of appeal required dismissal of the appeal. *In re A.W.*, 185 Ill. App. 3d at 474. The appellate court rejected the juvenile's attempt to distinguish *Wilk* on the ground that a defendant in a criminal case has the right to a hearing under the Post-Conviction Hearing Act, while a juvenile has no corresponding right. *In re A.W.*, 185 Ill. App. 3d at 475. The appellate court acknowledged that there was language in *Wilk* indicating that the holding in that case would not leave defendants without a remedy. *In re A.W.*, 185 Ill. App. 3d at 475. The court concluded, however, that the language was not central to the court's holding and dismissed the juvenile's appeal. *In re A.W.*, 185 Ill. App. 3d at 475.

In contrast, respondent argues in favor of the appellate court's interpretation of the "condition precedent" language in *Wilk*. As noted, the appellate court in this case relied upon *People v. McKay*, 282 Ill. App. 3d 108 (1996), in holding that a juvenile's failure to file a Rule 604(d) motion does not require dismissal of his appeal. The *McKay* court held that *Wilk* and its progeny do not

withdraw jurisdiction from the appellate court, but instead withdraw the decision whether waiver should bar the appeal of a defendant who has not filed a Rule 604(d) motion. *McKay*, 282 Ill. App. 3d at 111. In following *McKay*, the appellate court in this case acknowledged that its decision was in direct conflict with *In re A.W.*, 185 Ill. App. 3d 473 (1989), but nonetheless held that respondent's failure to comply with Rule 604(d) did not require dismissal of his appeal. 328 Ill. App. 3d at 977.

Upon review, we find that the court in *McKay* was correct in its determination that *Wilk* and its progeny do not stand for the proposition that the filing of a Rule 604(d) motion is required to vest the appellate court with jurisdiction. In arguing that Rule 604(d) is a jurisdictional prerequisite to filing a notice of appeal, the State points to language from a decision of this court subsequent to *Wilk*. Specifically, the State notes that in *People v. Foster*, 171 Ill. 2d 469 (1996), this court stated that when a defendant fails to file a motion pursuant to Rule 604(d), "the appellate court *must* dismiss the appeal, leaving the Post-Conviction Hearing Act as a defendant's only recourse." (Emphasis added.) *Foster*, 171 Ill. 2d at 471. The State contends that the use of the word "must" indicates that compliance with Rule 604(d) is jurisdictional. The State, however, overlooks the preceding sentence, which provides that *"[t]hough the appellate court may have jurisdiction*, Rule 604(d) precludes it from considering the appeal of such an error unless the defendant" first files a written motion pursuant to Rule 604(d). (Emphasis added.) *Foster*, 171 Ill. 2d at 471. Contrary to the State's argument, then, a written motion pursuant Rule 604(d) is not required in order to vest the appellate court with jurisdiction over a defendant's appeal.

Moreover, as respondent argues, if the failure to comply with Rule 604(d) deprived a court of jurisdiction,

such noncompliance would always require dismissal of a defendant's appeal. However, since our decision in *Wilk*, this court has recognized certain exceptions to the written motion requirement of Rule 604(d). For example, in *Foster* this court recognized an "admonition exception" to Rule 604(d). Specifically, this court held that where a trial court fails to give Rule 605(b) admonitions, the appellate court may entertain an appeal from a sentence despite defendant's noncompliance with the written motion requirement of Rule 604(d). *Foster*, 171 Ill. 2d at 473. We explained, however, that "[w]here the appellate court may consider an appeal despite a defendant's noncompliance with Rule 604(d), the appellate court has no discretion and must remand for strict compliance therewith." *Foster*, 171 Ill. 2d at 474.

Similarly, in *People v. Belcher*, 199 Ill. 2d 378 (2002), this court again addressed the written motion requirement of Rule 604(d). There, the defendant pleaded guilty to one count of first degree murder after his court-appointed psychiatrist found him fit to stand trial. *Belcher*, 199 Ill. 2d at 379. At the defendant's sentencing hearing, the psychiatrist testified that he would have found the defendant insane at the time of the alleged offense under the prior version of the insanity statute. *Belcher*, 199 Ill. 2d at 380. While the defendant's appeal was pending before the appellate court, the defendant alerted the appellate court to the fact that the public act creating the new version of the insanity statute had been declared unconstitutional by this court. *Belcher*, 199 Ill. 2d at 381. Nonetheless, the appellate court denied the defendant's request to vacate his guilty plea or to allow him leave to file a motion to withdraw his guilty plea in the trial court. *Belcher*, 199 Ill. 2d at 381.

On appeal to this court, the defendant claimed that the appellate court had erred in denying his request to vacate his guilty plea. *Belcher*, 199 Ill. 2d at 382. The

State argued that the defendant could not challenge the validity of his guilty plea because he did not file a written motion to vacate his guilty plea in the trial court prior to challenging that plea on appeal. *Belcher*, 199 Ill. 2d at 382. This court agreed that, in the usual case, the defendant's failure to file a motion to withdraw his guilty plea within the time allotted by Rule 604(d) would leave him without a remedy. *Belcher*, 199 Ill. 2d at 382. We stated, however, that:

> "[w]hile it is true this court does not approve of any failure to comply strictly with the explicitly stated requirements of Rule 604(d) (*People v. Wilk*, 124 Ill. 2d 93, 103 (1988)), the unusual and fact-specific circumstances found in this case lead us to believe that the ends of justice will be better served by permitting defendant leave to file a motion to withdraw his guilty plea in the trial court." *Belcher*, 199 Ill. 2d at 382.

We therefore remanded the cause to the trial court to give the defendant an opportunity to file a motion to vacate his guilty plea. *Belcher*, 199 Ill. 2d at 383-84.

The fact that this court has recognized exceptions to the written motion requirements of Rule 604(d), then, reinforces our statement in *Foster* that those requirements are not jurisdictional. Because failure to comply with the written motion requirement of Rule 604(d) does not deprive a court of jurisdiction in the adult context, it follows that the failure to comply with the written motion requirement does not deprive the appellate court of jurisdiction in the juvenile context. Consequently, we affirm the appellate court's finding that respondent's failure to file a written motion pursuant to Rule 604(d) did not deprive the court of jurisdiction over the appeal. To the extent that the appellate court's decision in *In re A.W.*, 185 Ill. App. 3d 473 (1989), suggests that the appellate court must dismiss a juvenile's appeal for lack of jurisdiction when the minor fails to comply with the written motion requirement of Rule 604(d), that decision is hereby overruled.

We next must determine whether the appellate court properly remanded this cause to the circuit court for further proceedings in compliance with Rule 604(d). As discussed, in the context of adult defendants, we have acknowledged that an attorney's failure to adhere to Rule 604(d) despite hearing the admonishments required by Rule 605(b) falls "short of providing competent representation." *Wilk*, 124 Ill. 2d at 105-06. We recognized that:

"[t]he defendant, through no fault of his, is deprived of a right to be heard in the appellate court. Such assistance of counsel, coupled with the denial of appellate review, raises effective assistance of counsel constitutional questions. Furthermore, many of the grounds for withdrawal of guilty pleas, consideration of which is denied because of counsel's failure, themselves may raise constitutional questions." *Wilk*, 124 Ill. 2d at 106.

We observed, however, that a defendant is not left without a remedy because the defendant can raise his claims in a postconviction petition.

The Post-Conviction Hearing Act, however, has never been held to apply in juvenile proceedings. See *In re A.G.*, 195 Ill. 2d at 321-22 ("this court has not reviewed holdings of the appellate court concluding that relief from such [juvenile court] proceedings is unavailable under the Post-Conviction Hearing Act"). Consequently, dismissing a juvenile defendant's appeal for failing to comply with the written motion requirements of Rule 604(d) may leave a juvenile without a remedy for his claims, including those claims alleging constitutional violations.

The State contends that juveniles would not be left without a remedy in this situation because they could present their claims in a section 2—1401 motion (735 ILCS 5/2—1401 (West 2000)). Section 2—1401 of the Code of Civil Procedure, however, does not provide a juvenile defendant with a remedy equivalent to the Post-Conviction Hearing Act. Although the remedial powers

of section 2—1401 have been held to extend to criminal cases, such a motion is intended "to correct all errors of fact occurring in the prosecution of a cause, unknown to the petitioner and court at the time judgment was entered, which, if then known, would have prevented its rendition." *People v. Haynes*, 192 Ill. 2d 437, 461 (2000). A juvenile's claim that his counsel was ineffective for failing to file a written motion pursuant to Rule 604(d) does not fall within those parameters. Moreover, a section 2—1401 petition is not intended to provide for a general review of all trial errors or as a substitute for a direct appeal. *Haynes*, 192 Ill. 2d at 461, quoting *People v. Berland*, 74 Ill. 2d 286, 314 (1978). Consequently, we find that section 2—1401 is not adequate to preserve a juvenile's claims on appeal when his attorney fails to comply with the written motion requirements of Rule 604(d).

Because a juvenile does not have an adequate means for presenting his claims when his attorney fails to file a written motion pursuant to Rule 604(d), we find that dismissal is too harsh a sanction for a juvenile defendant's failure to comply with Rule 604(d). We emphasize, however, that this court requires strict compliance with Rule 604(d) in both the juvenile and the adult context. We therefore hold that when a juvenile defendant fails to comply with the written motion requirements of Rule 604(d) prior to filing an appeal, the appellate court has no discretion and must remand the cause to the circuit court for strict compliance with Rule 604(d). Accordingly, we affirm the appellate court's order in this case remanding this cause to the circuit court for further proceedings in compliance with Rule 604(d).

For the foregoing reasons, the judgment of the appellate court is affirmed.

*Affirmed.*

JUSTICE KILBRIDE, specially concurring:

I write separately to address the dissents' related contentions that certain statements in the majority opinion are irreconcilably inconsistent and that the majority's conclusion is improperly based on the implicit assumption that the Post-Conviction Hearing Act does not apply to juvenile proceedings. I believe that the statements can be reconciled and that our conclusion is supported by sound reasoning.

As the majority opinion states, the Post-Conviction Hearing Act has never been held to apply to juvenile proceedings. 206 Ill. 2d at 604. In the absence of such an affirmative holding, juvenile defendants necessarily face the possibility that no avenue of review exists for their claims, even when those claims allege constitutional violations. 206 Ill. 2d at 604. In this case, however, the State argues that section 2—1401 offers such an avenue. We explicitly reject that argument, holding that a juvenile cannot use a section 2—1401 motion to present a claim that trial counsel failed to comply with the mandates of Rule 604(d). 206 Ill. 2d at 605. After addressing these initial matters, we conclude that "[b]ecause a juvenile does not have an adequate means for presenting his claims when his attorney fails to file a written motion pursuant to Rule 604(d), *** dismissal is too harsh a sanction." 206 Ill. 2d at 605.

This last statement forms the basis for the dissenters' contentions that the opinion is internally inconsistent because it both claims that the application of the Post-Conviction Hearing Act in juvenile cases is an open question and implicitly assumes that it does not apply. I believe these contentions are premised on an unduly loose interpretation of our statements and, thus, write separately to explain that the majority's conclusion, read in its proper context, does not suffer from a fatal flaw.

In this opinion, we recognize the absence of any hold-

ing authorizing the use of the Post-Conviction Hearing Act for review of juveniles' claims. 206 Ill. 2d at 604. We also reject juveniles' use of section 2—1401 for this purpose. 206 Ill. 2d at 605. Properly read in this limited context, our statement that "a juvenile does not have an adequate means for presenting his claims when his attorney fails to file a written motion pursuant to Rule 604(d)" merely acknowledges the absence of any precedential authority supporting the conclusion that juveniles such as the respondent have a viable means of appellate redress. See 206 Ill. 2d at 605. It neither creates an inherent conflict with our prior statements nor necessarily relies on an implicit assumption that the Post-Conviction Hearing Act is inapplicable in juvenile proceedings. It merely recognizes the unsettled state of the law in this matter.

As for the dissenters' contention that the majority should address the issue of whether the Post-Conviction Hearing Act applies to juveniles in this case, I believe that our decision to decline that opportunity is well justified. The parties offer minimal argument on the issue. Indeed, as appellant, the State does not even raise the issue in its opening brief. Even more telling, the respondent's brief explicitly requests that we simply affirm the appellate court's remand, arguing that doing so would have the same effect as a decision on the merits of the substantive issue, plus have the additional benefits of serving the court's interest in judicial economy, and avoiding the potential for overburdening relatively uneducated juveniles with the filing of *pro se* postconviction petitions capable of surviving first stage review. Based on only this limited adversarial context, resolving an issue as important as the applicability of the Post-Conviction Hearing Act in juvenile proceedings would be premature and unwise. A question of such magnitude should be fully briefed and argued by opposing parties

zealously advocating the relevant arguments prior to its definitive resolution by this court. Lacking the benefit of such strong adversarial testing, this court declined to address the merits of the issue in this case. Thus, it remains an open question wisely left for another day.

CHIEF JUSTICE McMORROW, concurring in part and dissenting in part:

I join fully in Justice Freeman's partial concurrence and partial dissent. I write separately only to underscore the internal inconsistency in the majority's resolution of the appeal in the case at bar.

The majority concludes that "dismissal is too harsh a sanction for a juvenile defendant's failure to comply with Rule 604(d)" because "a juvenile does not have an adequate means for presenting his claims when his attorney fails to file a written motion pursuant to Rule 604(d)." 206 Ill. 2d at 605. Necessarily implicit in this conclusion is the determination that the Post-Conviction Hearing Act does not apply to juvenile proceedings. Otherwise there would be adequate means for a juvenile to present his claims when his attorney fails to file a written motion pursuant to Rule 604(d). See *People v. Wilk*, 124 Ill. 2d 93, 107-09 (1988) (when a defendant's attorney fails to file a motion to withdraw defendant's guilty plea in compliance with Rule 604(d), defendant may not pursue appellate review, "[t]he appropriate remedy for these defendants lies in our Post-Conviction Hearing Act").

However, only a few paragraphs earlier, the majority states that it is leaving as an open question whether the Post-Conviction Hearing Act applies to juvenile proceedings. Quoting *In re A.G.*, 195 Ill. 2d 313, 321-22 (2001), the majority notes that " 'this court has not reviewed holdings of the appellate court concluding that relief from such [juvenile court] proceedings is unavailable under the Post-Conviction Hearing Act' " and concludes that

"dismissing a juvenile defendant's appeal for failing to comply with the written motion requirements of Rule 604(d) *may* leave a juvenile without a remedy for his claims." (Emphasis added.) See 206 Ill. 2d at 604.

If the question whether the Post-Conviction Hearing Act applies to juvenile proceedings is truly an open one, as the majority claims, the majority should not be deciding this appeal as it does, based on the assumption that the Post-Conviction Hearing Act *does not apply* to juvenile proceedings. As Justice Freeman points out, this court could just as readily assume that the Post-Conviction Hearing Act *does apply* to juvenile proceedings. In so doing, however, the appeal in the case before us would necessarily be decided differently.

It should be apparent that resolution of the appeal in the case at bar is dependent on deciding whether the Post-Conviction Hearing Act applies to juvenile proceedings. For this reason, the court has no discretion to avoid addressing the issue. The issue needs to be confronted head-on.

Like Justice Freeman, I concur in the majority's holding that a defendant's failure to comply with Rule 604(d) does not deprive an appellate court of jurisdiction to consider the defendant's appeal. However, because the majority *assumes*, without deciding, that the Post-Conviction Hearing Act does not apply to juvenile proceedings in reaching its conclusion that "dismissal is too harsh a sanction for a juvenile defendant's failure to comply with Rule 604(d)" (206 Ill. 2d at 605), I, like Justice Freeman, cannot join fully in the majority opinion.

JUSTICES FREEMAN and RARICK join in this partial concurrence and partial dissent.

610

JUSTICE FREEMAN, also concurring in part and dissenting in part:

I agree with the majority's initial determination that a defendant's failure to comply with Rule 604(d) (188 Ill. 2d R. 604(d)) does not deprive the appellate court of jurisdiction to consider the defendant's appeal. I also agree with the majority that, where the circuit court gives proper Rule 604(d) and Rule 605(b) (188 Ill. 2d R. 605(b)) admonitions to an adult defendant and the defendant fails to comply with Rule 604(d), it is not appropriate for the appellate court to remand the cause to the circuit court for strict compliance with Rule 604(d). Instead, the appellate court must dismiss the appeal because the defendant has an adequate remedy under the Post-Conviction Hearing Act (725 ILCS 5/122—1 *et seq.* (West 2000)). See *People v. Wilk,* 124 Ill. 2d 93 (1988). I part company with the majority, however, because it assumes, without analysis or citation to authority, that the Post-Conviction Hearing Act does not apply to juvenile proceedings, and does not provide an adequate remedy for the juvenile in the case at bar. Moreover, the assumption the majority makes affects the very outcome of the present cause and is therefore contrary to principled judicial review. In my opinion, whether the Post-Conviction Hearing Act applies to juvenile proceedings is an issue of great import which this court must decide to reach the proper resolution of this cause.

## ANALYSIS

In *Wilk,* in the context of criminal proceedings, this court considered what should be the effect of the defendants' failure to comply with Rule 604(d). Both defendants had filed notices of appeal of their guilty pleas without prior Rule 604(d) motions to withdraw the guilty pleas. This court first acknowledged the impact upon a defendant's rights when there is a failure to comply with Rule 604(d):

"[A]n attorney who stands with his client in a criminal proceeding, hears the admonishments of the court required by Rule 605(b), and fails to adhere to Rule 604(d) by moving to withdraw the plea prior to filing a notice of appeal has fallen short of providing competent representation. *** The defendant, through no fault of his, is deprived of a right to be heard in the appellate court. Such assistance of counsel, coupled with the denial of appellate review, raises effective assistance of counsel constitutional questions. Furthermore, many of the grounds for withdrawal of guilty pleas, consideration of which is denied because of counsel's failure, themselves may raise constitutional questions." *Wilk*, 124 Ill. 2d at 105-06.

This court also emphasized, however, the importance of Rule 604(d):

"[The] purpose [of Rule 604(d)] is to ensure that before a criminal appeal can be taken from a guilty plea, the trial judge who accepted the plea and imposed sentence be given the opportunity to hear the allegations of improprieties that took place outside the official proceedings and *dehors* the record, but nevertheless were unwittingly given sanction in the courtroom. Rule 604(d) provides for fact finding to take place at a time when witnesses are still available and memories are fresh. [Citation.] A hearing under Rule 604(d) allows a trial court to immediately correct any improper conduct or any errors of the trial court that may have produced a guilty plea." *Wilk*, 124 Ill. 2d at 104.

The court then noted that exceptions to Rule 604(d) fashioned by various panels of the appellate court had circumvented and defeated the purpose of the rule:

"If the appellate court elects to retain jurisdiction of the appeal and considers the merits of the defendant's contentions, the rule has been ignored. If the appellate court remands the case for a motion to withdraw, to be filed and to be considered by the trial court, the case has taken a needless trip to the appellate court, wasted that court's time, extended the time within which the motion to withdraw must be filed under Rule 604(d), and attaches no consequences to the ignoring of the requirements of the rule of this court." *Wilk*, 124 Ill. 2d at 106-07.

Balancing the various interests at issue, this court affirmed the dismissal of the defendants' appeals. The court noted that, pursuant to the Post-Conviction Hearing Act, the defendants had an appropriate vehicle for the vindication of their rights. *Wilk*, 124 Ill. 2d at 107.

In the case at bar, as in *Wilk*, respondent's attorney failed to comply with Rule 604(d). Counsel did not file a motion to withdraw respondent's guilty plea or a motion to reconsider the sentence. Since respondent is a juvenile and not an adult, the question then becomes whether the Post-Conviction Hearing Act applies to juvenile proceedings. If the Post-Conviction Hearing Act applies to juvenile proceedings, respondent, like the adult defendants in *Wilk*, has an adequate remedy for counsel's failure to comply with Rule 604(d). Conversely, if the Post-Conviction Hearing Act does not apply to juvenile proceedings, respondent does not have an adequate remedy for counsel's failure to comply with the rule. Due process considerations would dictate that, rather than dismiss respondent's appeal, this court remand to the circuit court for strict compliance with Rule 604(d). See *People v. Foster*, 171 Ill. 2d 469 (1996) (this court remanded the cause for strict compliance with Rule 604(d) where the trial court failed to give the defendant the Rule 605(b) admonitions regarding Rule 604(d)).

The appellate court recognized that whether the Post-Conviction Hearing Act applies to juvenile proceedings is a crucial issue in this case. The court observed:

> "Since the issue is one of waiver rather than jurisdiction, the question is not whether we *can* consider respondent's appeal but whether we *should*. Of course, if this were a criminal case *Wilk* would dictate dismissal, leaving the respondent to his remedy under the Post-Conviction Hearing Act ***." (Emphases in original.) 328 Ill. App. 3d at 977.

The court then held that the Post-Conviction Hearing Act does not apply to juvenile proceedings. 328 Ill. App.

3d at 977. Being aware, however, that by its holding the juvenile's claim of constitutional violations would escape scrutiny, the court advanced an alternate resolution of the case:

> "Because a juvenile, unlike an adult offender, has no alternative means of presenting his claims, we believe it is appropriate to invoke Supreme Court Rule 615(a): 'Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court.' " 328 Ill. App. 3d at 977-78.

The appellate court remanded the cause to the circuit court for strict compliance with Rule 604(d). 328 Ill. App. 3d at 978.

The majority opinion tracks the reasoning of the appellate court in determining that compliance with Rule 604(d) is not jurisdictional. However, unlike the appellate court opinion, the majority opinion does not determine, with proper analysis and citation to authority, whether the Post-Conviction Hearing Act applies to juvenile proceedings. Rather than determine this crucial question, the majority merely assumes that the Post-Conviction Hearing Act does not apply to juvenile proceedings. The majority states:

> "The Post-Conviction Hearing Act, however, has never been held to apply in juvenile proceedings. See *In re A.G.,* 195 Ill. 2d at 321-22 ('this court has not reviewed holdings of the appellate court concluding that relief from such [juvenile court] proceedings is unavailable under the Post-Conviction Hearing Act'). Consequently, dismissing a juvenile defendant's appeal for failing to comply with the written motion requirements of Rule 604(d) may leave a juvenile without a remedy for his claims, including those claims alleging constitutional violations." 206 Ill. 2d at 604.

Further, in rejecting the State's contention that a juvenile would not be left without a remedy but could resort to a section 2—1401 motion (735 ILCS 5/2—1401 (West 2000)), the majority states:

"Section 2—1401 of the Code of Civil Procedure, however, does not provide a juvenile defendant with a remedy equivalent to the Post-Conviction Hearing Act. Although the remedial powers of section 2—1401 have been held to extend to criminal cases, such a motion is intended 'to correct all errors of fact occurring in the prosecution of a cause, unknown to the petitioner and court at the time judgment was entered, which, if then known, would have prevented its rendition.' [Citation.] A juvenile's claim that his counsel was ineffective for failing to file a written motion pursuant to Rule 604(d) does not fall within those parameters." 206 Ill. 2d at 604-05.

The majority concludes that:

"Because a juvenile does not have an adequate means for presenting his claims when his attorney fails to file a written motion pursuant to Rule 604(d), we find that dismissal is too harsh a sanction for a juvenile defendant's failure to comply with Rule 604(d). We emphasize, however, that this court requires strict compliance with Rule 604(d) in both the juvenile and the adult context. We therefore hold that when a juvenile defendant fails to comply with the written motion requirements of Rule 604(d) prior to filing an appeal, the appellate court has no discretion and must remand the cause to the circuit court for strict compliance with Rule 604(d)." 206 Ill. 2d at 605.

With due respect, my colleagues of the majority err in that they make an assumption which affects the very outcome of this case. Consider the alternate assumption, that the Post-Conviction Hearing Act applies to juvenile proceedings. In that case, respondent, like the defendants in *Wilk*, has an adequate remedy for counsel's failure to comply with Rule 604(d). Applying *Wilk*, it would also follow that the proper resolution of this case is to dismiss respondent's appeal.

I note that this court is entrusted with the responsibility for a just result and the maintenance of a sound and uniform body of precedent. *People v. Wilson*, 155 Ill. 2d 374, 379 (1993), quoting *American Federation of State, County & Municipal Employees, Council 31 v. County of*

*Cook*, 145 Ill. 2d 475, 480 (1991), citing *Hux v. Raben*, 38 Ill. 2d 223, 225 (1967). Where, as here, an issue of import is relevant to the final determination of the cause and is not yet decided by this court, the court is duty bound to consider the issue and arrive at a reasoned decision concerning the issue. The court should not assume, without analysis or authority, that the issue has been decided in a particular manner. Nor should the court divorce itself from its responsibility by observing that no other court has ever decided the issue in a particular manner. In the case at bar, this court is duty bound to consider whether the Post-Conviction Hearing Act applies to juvenile proceedings. The court may not merely assume that the Post-Conviction Hearing Act does not apply to juvenile proceedings.

The Post-Conviction Hearing Act provides a remedy for a defendant who has suffered a substantial violation of his or her constitutional rights in the proceedings which resulted in the conviction. See 725 ILCS 5/122—1 (West 2000). In assuming that the Post-Conviction Hearing Act does not apply to juvenile proceedings, this court has, without analysis, deprived all juveniles of the comprehensive remedies afforded by the Act. I do not here imply that the Post-Conviction Hearing Act should apply to juvenile proceedings. Rather, I suggest that this court, as the supreme judicial body of this state, must shoulder its responsibilities and come to a reasoned decision about the issue.

## CONCLUSION

I cannot join fully in the majority opinion because the majority refuses to decide an important issue in the case at bar, and because the majority makes an assumption about that issue which controls the very outcome of the case. While I concur in the majority's holding that a defendant's failure to comply with Rule 604(d) does not deprive the appellate court of jurisdiction to consider the

defendant's appeal, I respectfully dissent from the balance of the opinion.

CHIEF JUSTICE McMORROW and JUSTICE RARICK join in this partial concurrence and partial dissent.