FIFTH DIVISION
January 14, 2011

No. 1-09-0920

|  |  |  |
|---|---|---|
| *In re* JOSHUA B., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. Joshua B., Respondent-Appellant). | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Appeal from the<br>Circuit Court of<br>Cook County<br><br>No. 08 JD 5307<br><br>Honorable<br>Andrew Berman,<br>Judge Presiding. |

JUDGE EPSTEIN delivered the judgment of the court, with opinion.

Presiding Justice Fitzgerald Smith and Justice Joseph Gordon concurred in the judgement and opinion.

OPINION

In April 2009, respondent, Joshua B., was adjudicated delinquent, placed on probation, and ordered to perform community service. He appeals, claiming the trial court denied him due process by not advising him of his right to testify and not verifying that he was knowingly and voluntarily waiving that right. He also claims the trial court's order must be modified because his probation impermissibly extends beyond his twenty-first birthday. For the reasons below, we affirm as modified.

BACKGROUND

In November 2008, the State filed a petition for adjudication of wardship claiming respondent, who was 16 years old, robbed a fellow student. The student and an adult witness identified respondent as the robber in separate photo arrays and testified at his delinquency proceeding. Respondent, who was represented by counsel, called his girlfriend, mother, and father as alibi witnesses. They testified that respondent was at home talking to his girlfriend on a landline telephone

at the time of the robbery. Respondent, who was not advised by the trial court of his right to testify, did not testify. The trial court adjudicated respondent delinquent, stating:

"We have witnesses, two eyewitness, to the event which is not often the case. Both of the eyewitnesses told internally consistent versions of what happened. There was not contradiction between one or the other.

What I find compelling evidence here, too, is that both of the eyewitnesses identified the young man, Joshua B***, in photo arrays that - I believe one was held at the police station and I think the other one was at the house of Joshua B*** [*sic*]. So, these are obviously not done contemporaneously. So, we didn't have a situation where it could be argued that one witness suggested an identification of another witnesses. They both picked out the same photo from that array.

You know, standing by themselves, each of those witnesses - I have big problems with a single-witness-identification case without other corroboration. We have two witnesses that both gave very compelling and consistent testimony that was very credible.

On the other side, we have an alibi defense that was put forth by family members. And I understand that that's often what witnesses are. There was - You know, it was interesting to me that the alibi defense really turned on phone calls; and yet, no corroboration of the phone calls was produced by way of records which is something that is available to the two people by way of subpoena and that that might have made an alibi a little bit more compelling than it was because there were

2

inconsistencies between the stories.

And so, I find that the State has proved this case beyond a reasonable doubt.

I find that State's witnesses more credible; and so, there will be a finding of delinquency, finding of guilty."

The trial court placed respondent on five years' probation, until April 7, 2014, and ordered him to perform 60 hours of community service. Respondent appeals claiming the trial court denied him due process by failing to advise him of his right to testify and failing to verify that he knowingly and voluntarily waived that right. He also claims, and the State does not dispute, that his probation must be modified because it impermissibly extends beyond his twenty-first birthday.

ANALYSIS

A. Respondent's Adjudication Is Affirmed

"A criminal defendant has a constitutional right to testify in his own defense, but that right may be waived. [Citation.] In order to effect waiver of his right to testify, a defendant is not required to execute a specific type of waiver, nor is the trial court required to ascertain whether a defendant's silence is the result of a knowing and voluntary waiver to testify." *People v. Chatman*, 357 Ill. App. 3d 695, 703 (2005).

*"When a defendant contends on appeal that he was precluded from testifying at trial, however, his conviction cannot be reversed on the basis that he was precluded from exercising his right to testify, unless he contemporaneously asserted his right to testify by informing the trial court that he wished to do so." People v. Shelton*, 252 Ill. App.

3d 193, 201 (1993).

Accord *People v. Smith*, 176 Ill. 2d 217, 234 (1997). Respondent did not do so here, forfeiting the issue.

We will nonetheless examine the record for plain error, "a narrow and limited exception to the general waiver rule." *People v. Pastorino,* 91 Ill. 2d 178, 188 (1982). It applies

"when (1) a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error, or (2) a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Piatkowski,* 225 Ill. 2d 551, 565 (2007).

Respondent claims the trial court erred by not informing him of his right to testify and not verifying that he knowingly and voluntarily waived that right. We find no such error.

"Illinois courts have long held that when a defendant is represented by counsel, the trial court does not have a duty to tell a defendant of his right to testify. [Citation.] Rather, it is the defense counsel's responsibility to advise a defendant about his right to testify and to explain any advantages or disadvantages of invoking that right. [Citation.] However, the ultimate decision of whether to testify is made by the defendant. [Citation.]

When a defendant is represented by counsel, it is left to the discretion of the trial court whether to inform the defendant of the right against self-incrimination." *People v. Vaughn*, 354 Ill. App. 3d 917, 925 (2004).

4

1-09-0920

Respondent acknowledges these principles, but maintains juvenile offenders are entitled to greater protection because "unlike an adult convicted felon, under prevailing law a juvenile offender has no right to file a post-conviction petition." This court has expressly held that the Post-Conviction Hearing Act (725 ILCS 5/122-1 (West 2008)), a collateral remedy for most adult offenders, does not apply to juveniles. *In re Thomas*, 77 Ill. App. 3d 299, 300 (1979). Our supreme court recently declined to rule on the issue, however, stating:

"J.T. requests this court to exercise its supervisory authority and address the issue of whether juveniles can seek relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq*. (West 2004)). We decline to do so for the same reasons we declined to address this issue in *In re William M.*, 206 Ill. 2d 595 (2003). As in *William M.*, the parties offer minimal argument on this issue. As Justice Kilbride noted in his special concurrence in that case, '[a] question of such magnitude should be fully briefed and argued by opposing parties zealously advocating the relevant arguments prior to its definitive resolution by this court.' *William M.*, 206 Ill. 2d at 607-08 (Kilbride, J., specially concurring)." *In re J.T.*, 221 Ill. 2d 338, 348-49 (2006).

Nevertheless, in holding that criminal court judges have no duty to advise defendants of their right to testify this court identified three factors underlying that ruling unrelated to postconviction proceedings:

"First, a defendant's decision as to whether or not to testify is often made as the trial unfolds. [Citation.] By advising a defendant of his right *to* testify, a court could influence the defendant to waive his right not to testify, 'thus threatening the exercise

5

of this other, converse, constitutionally explicit and more fragile right.' [Citations.]

Second, a court could intrude upon the attorney-client relationship by advising a defendant of his right to testify. [Citations.] 'A trial judge must take great care not to assume the functions of trial counsel.' [Citation.] It is primarily the responsibility of defense counsel, not the trial judge, to advise a defendant as to whether or not he should testify and to explain the tactical advantages and disadvantages of each option. [Citation.] If a trial judge were to advise a defendant, *sua sponte*, of his right to testify, such an act could frustrate a decision on the matter made by the defendant and defense counsel who are designing trial strategy. [Citation.]

Finally, a trial judge is not required to inform a defendant of his right to testify because it is difficult for a judge to determine the appropriate time that he should advise a defendant concerning his right to testify, since 'the judge cannot know that a defendant has not testified until the defense rests and such a moment is not an opportune time to engage in a discussion with defendant which might lead to a rupture with defense counsel *** or might undo a trial strategy based on the defendant's not testifying.' [Citation.]" *Shelton*, 252 Ill. App. 3d at 202.

We find all of these factors equally applicable to proceedings under the Juvenile Court Act of 1987 (705 ILCS 405/1 *et seq*. (West 2008)) (the Act), and note that section 1-5 of the Act assures that minors will be represented by counsel. 705 ILCS 405/1-5 (West 2008) ("No hearing on any petition or motion filed under this Act may be commenced unless the minor who is the subject of the proceeding is represented by counsel."). We therefore decline to adopt the bright-line rule advocated

by respondent, and hold that the trial court did not have a duty to inform respondent *sua sponte*, who was represented by counsel, of his right to testify or verify that respondent was knowingly and voluntarily waiving that right.

We note that respondent does not actually claim that counsel did not advise him of his right to testify. While respondent argues that he cannot "reveal conversations he did or did not have with his attorney" because such matters are outside of the record, and "on direct appeal a reviewing court will not consider facts that are not part of the record," that argument fails. If indeed respondent's counsel did not inform him of his right to testify respondent could have made that assertion in his briefs to the court, noting that the matters were outside of the record, and presented his perceived inability to raise them before the trial court. See *People v. Henderson*, 217 Ill. 2d 449, 467-68 (2005). That would have allowed the State to respond to his claim, and provided us a basis upon which to determine whether to *consider* his purported claim. Under this record, there is no claim before us regarding counsel's conduct. We find no plain error and affirm respondent's adjudication.

B. Respondent's Probation Is Modified

On April 7, 2009, the trial court placed respondent on five years' probation, until April 7, 2014, and ordered him to perform 60 hours of community service. As section 5-755 of the Act (705 ILCS 405/5-755 (West 2008)) requires respondent's probation to terminate on his twenty-first birthday, June 27, 2013, we modify the trial court's order accordingly.

CONCLUSION

Respondent has forfeited his due process claim, and the trial court did not commit plain error as it did not have a duty to inform respondent *sua sponte* of his right to testify or verify that

1-09-0920

respondent was voluntarily and knowingly waiving that right. We affirm the trial court's order as modified.

Affirmed as modified.