815 N.E.2d 13 (2004)
351 Ill. App.3d 917
286 Ill.Dec. 803
In re J.D., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. Johnny King, Respondent-Appellant.)
No. 4-04-0357.
Appellate Court of Illinois, Fourth District.
August 17, 2004.
*14 Daniel B. Kennedy (Court-appointed), Champaign, for Johnny King.
John C. Piland, Champaign County State's Attorney, Urbana, Norbert J. Goetten, Director, Robert J. Biderman, Deputy Director, Kathy Shepard, Staff Attorney, State's Attorneys Appellate Prosecutor, Springfield, for the People.
Presiding Justice KNECHT delivered the opinion of the court:
On September 16, 2003, the trial court adjudicated respondent, Johnny King, unfit and terminated his parental rights over the minor child, J.D., born March 17, 2001. Respondent appeals, arguing the court lacked jurisdiction to proceed with the adjudication of parental unfitness and termination of parental rights because J.D. was not represented by independent counsel. We affirm.

I. BACKGROUND
Respondent and Tamika Davis are the biological parents of J.D. Tamika is not a party to this appeal. In March 2001, the State filed a three-count petition, alleging J.D. was neglected as her environment was injurious to her welfare when she resided with her mother (705 ILCS 405/2-3(1)(b) (West 2000)). Following a June 2001 hearing, *15 the trial court entered an adjudicatory order and found J.D. neglected on Tamika's admission J.D. was born with urine containing a controlled substance. 705 ILCS 405/2-3(1) (c) (West 2000). Later that month, following a dispositional hearing, the court found respondent and Tamika unfit, unable, and unwilling to care for or protect J.D. The court adjudged J.D. neglected, made her a ward of the court, and placed her guardianship with the Illinois Department of Children and Family Services (DCFS).
In January, the State filed a petition to terminate respondent's and Tamika's parental rights. The trial court appointed the Champaign County court-appointed special advocate (CASA) as guardian ad litem for J.D. and John DeLaMar as her attorney. DeLaMar also acted as attorney for CASA, and in February 2003, filed a motion on its behalf to terminate respondent's and Tamika's parental rights. Following a hearing on both petitions, the court found respondent and Tamika unfit. The court specifically found respondent unfit for failure to make reasonable efforts and for failure to make reasonable progress within nine months of the adjudication of neglect and within another nine-month period afterward. The court also found it was in J.D.'s best interests that respondent's and Tamika's parental rights be terminated. This appeal followed.

II. ANALYSIS
Respondent does not challenge the trial court's unfitness finding or its termination order but argues the court lacked jurisdiction to proceed with either because J.D. was not represented by independent counsel.
Section 1-5(1) of the Juvenile Court Act of 1987 (Juvenile Court Act) (705 ILCS 405/1-5(1) (West 2000)) provides "[n]o hearing on any petition or motion filed under [the Juvenile Court Act] may be commenced unless the minor who is the subject of the proceeding is represented by counsel." Additionally, a trial court must appoint a guardian ad litem to represent the minor's best interests if the State alleges the minor was abused or neglected. 705 ILCS 405/2-17(1)(a) (West 2000). The guardian ad litem must also be represented by counsel unless the guardian ad litem is an attorney himself. 705 ILCS 405/2-17(4) (West 2002).
In his brief, respondent does not point this court to any provision of the Juvenile Court Act that requires a minor's counsel and the guardian ad litem's counsel to be distinct individuals. Instead, respondent argues because section 2-17(4) does not read "[u]nless the guardian ad litem is an attorney, he shall be represented by the child's counsel," the legislature did not intend this result but intended the child to be represented by independent counsel. Based on the circumstances in this case, we disagree. DeLaMar's representation of J.D. was free from conflict and satisfied the requirements of the Juvenile Court Act.
The roles of a guardian ad litem and minor's counsel are not inherently in conflict. In re R.D., 148 Ill.App.3d 381, 386, 101 Ill.Dec. 890, 499 N.E.2d 478, 481 (1986). Both have "essentially the same obligations to the minor and to society." R.D., 148 Ill.App.3d at 387, 101 Ill.Dec. 890, 499 N.E.2d at 482.
In In re K.M.B., 123 Ill.App.3d 645, 647, 78 Ill.Dec. 917, 462 N.E.2d 1271, 1272 (1984), this court held the minor's right to counsel was not violated when an assistant public defender acting as her guardian ad litem recommended a disposition contrary to her wishes. The minor had been found to be delinquent and adjudicated a ward of the court but wanted to remain in her mother's home. K.M.B., 123 Ill.App.3d at 645-46, 78 Ill.Dec. 917, 462 N.E.2d at 1271. The guardian ad litem was aware of this *16 desire and informed the court of it but recommended to the court that it was in the minor's best interest to be placed outside of the home. K.M.B., 123 Ill.App.3d at 648, 78 Ill.Dec. 917, 462 N.E.2d at 1273.
This court explained an attorney appointed by the court in a juvenile proceeding "must not only protect the juvenile's legal rights but he must also recognize and recommend a disposition in the juvenile's best interest, even when the juvenile himself does not recognize those interests." K.M.B., 123 Ill.App.3d at 647, 78 Ill.Dec. 917, 462 N.E.2d at 1272-73.
"It is not always possible for a juvenile's counsel to carry out his unique responsibility to protect the juvenile's best interest without alienating the juvenile. A delinquent juvenile's wishes are often not in his best interest. Although the juvenile's counsel should consider the juvenile's wishes and inform the court of those wishes, the counsel has an obligation to protect the juvenile's best interest. If protecting a juvenile's best interest requires that the counsel make a recommendation contrary to the juvenile's wishes, then the counsel has * * * a `professional responsibility and obligation' to make that recommendation." K.M.B., 123 Ill.App.3d at 648, 78 Ill.Dec. 917, 462 N.E.2d at 1273.
In the case before this court, J.D. was not yet two years old when the State and guardian ad litem filed their respective petitions to terminate respondent's parental rights. While J.D. was beginning to talk, nothing in the record suggests J.D. was capable of articulating a position her attorney would have been charged with presenting to the court. Her attorney was charged with protecting her legal rights and promoting her best interest. Respondent does not argue DeLaMar failed to do this. After reviewing the record we conclude DeLaMar adequately performed these duties. Thus, J.D. was represented by counsel as required under section 1-5(1) of the Juvenile Court Act (705 ILCS 405/1-5(1) (West 2002)), and the trial court had jurisdiction to proceed with the adjudication of parental unfitness and termination of parental rights.
Even assuming respondent established a violation of the Juvenile Court Act, the trial court would not have been deprived of jurisdiction. "[W]here a court in such a case fails to proceed `within the strictures of the statute,' the court does not somehow lose its constitutionally conferred subject-matter jurisdiction; instead, it simply proceeds in error because it lacked `statutory authority.'" (Emphasis in original). In re C.S., 294 Ill.App.3d 780, 786, 229 Ill.Dec. 225, 691 N.E.2d 161, 165 (1998). The court properly exercised jurisdiction over the proceedings, and we affirm the court's disposition.
This court does recognize that under circumstances different from those presented in this case, independent counsel may be required. Independent counsel would be required when an attorney's dual representation creates a conflict between his two roles, e.g., when a minor is of an age to share with his attorney confidences the attorney would not be permitted to share with the guardian ad litem. Trial courts should carefully consider potential conflicts before appointing the guardian ad litem's attorney to also represent the minor.

III. CONCLUSION
For the reasons stated, we affirm the trial court's judgment.
Affirmed.
TURNER and STEIGMANN, JJ., concur.