*In re* B.K., an Alleged Delinquent Minor (The People of the State of Illinois, Petitioner-Appellee, v. B.K., Respondent-Appellant).

Fifth District    No. 5—04—0203

Opinion filed July 25, 2005.

Daniel M. Kirwan and Rita K. Peterson, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Charles Garnati, State's Attorney, of Marion (Norbert J. Goetten, Stephen E. Norris, and Rebecca E. McCormick, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Two delinquency petitions were filed in the circuit court of Williamson County with regard to B.K., an alleged delinquent minor. Ultimately, B.K. admitted the charges filed against him and was ordered to be committed to the Department of Corrections, Juvenile Division (Department). In this appeal, B.K. argues it was a *per se* conflict of interest for his attorney to also serve as his guardian *ad litem*. B.K. seeks to have his delinquency adjudication and commitment to the Department vacated and the cause remanded for new proceedings pursuant to the Juvenile Court Act of 1987 (Act) (705 ILCS 405/1—1 *et seq.* (West 2002)). We affirm.

## I. FACTS

On July 11, 2002, the State filed a petition for an adjudication of wardship in No. 02—JD—39, alleging B.K. was a delinquent minor in that he had committed the offense of burglary (720 ILCS 5/19—1(a) (West 2000)). On August 20, 2002, Andrea McNeill was appointed as the guardian *ad litem* and attorney for B.K. On September 4, 2002, the State filed a second petition for an adjudication of wardship, docketed as No. 02—JD—50, alleging B.K. was a delinquent minor in that he had committed the offenses of aggravated criminal sexual assault (720 ILCS 5/12—14(b)(i) (West 2000)) and criminal sexual abuse (720 ILCS 5/12—15(b) (West 2000)).

On September 11, 2002, McNeill was allowed to withdraw and Larry Broeking was appointed as B.K.'s guardian *ad litem*. No other attorney was appointed to represent B.K. On October 1, 2002, B.K.'s mother requested that another attorney be appointed to represent B.K. Her request was denied. On the same date, attorney Thien was appointed to represent B.K.'s mother.

On October 15, 2002, B.K. was found unfit to stand trial after Dr. Daniel Cuneo, a clinical psychologist, submitted a report in which he found B.K. unfit. The Department of Human Services took custody of B.K. until he was found fit to stand trial. On October 23, 2002, an amended petition was filed in No. 02—JD—50, which added the offense of criminal damage to property (720 ILCS 5/21—1(1)(a) (West 2000)). The count alleging criminal damage to property was later dismissed on the State's motion.

On May 15, 2003, B.K. was found fit to stand trial after Dr. Cuneo submitted another evaluation in which he found B.K. fit. At a hearing on October 28, 2003, B.K. admitted the charges in both No. 02—JD—39 and No. 02—JD—50. On February 3, 2004, B.K. was ordered to be committed to the Department. The circuit court retained jurisdiction in the matter and could, in its discretion and in the best interests of B.K., terminate or modify the order of commitment at any future date. B.K. and his mother filed a motion to reconsider the sentence, which was denied. B.K. filed a timely notice of appeal.

## II. ANALYSIS

The issue raised in this appeal is whether a *per se* conflict of interest arises in a delinquency proceeding when appointed counsel acts as both a juvenile's attorney and his guardian *ad litem*. B.K. asserts that the circuit court erred in requiring defense counsel to undertake the dual roles of advocate and guardian *ad litem*. He insists that his delinquency adjudication and commitment to the Department must be vacated and the cause remanded for new proceedings. The State first

responds that because B.K. did not challenge his admissions to the petitions at the trial level, he is precluded from doing so for the first time on appeal, pursuant to Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)). Assuming, *arguendo*, that the waiver rule does not apply, the State contends B.K.'s delinquency adjudication and subsequent commitment to the Department should be affirmed because there is no *per se* conflict of interest created by an attorney serving as both counsel and guardian *ad litem* in a delinquency proceeding.

## A. Supreme Court Rule 604(d)

■ We first address the State's contention that B.K. waived any challenge to his admissions by failing to comply with the requirements of Supreme Court Rule 604(d). Rule 604(d) provides as follows:

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment." 188 Ill. 2d R. 604(d).

While Rule 604(d) applies to juvenile proceedings (see *In re A.G.*, 195 Ill. 2d 313, 746 N.E.2d 732 (2001)), the rule is not applied as harshly as in adult proceedings.

Unlike an adult, who can raise his claims in a postconviction petition pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122—1 *et seq.* (West 2002)), a juvenile does not have adequate means for presenting his claims when defense counsel fails to file a written Rule 604(d) motion. *In re William M.*, 206 Ill. 2d 595, 604-05, 795 N.E.2d 269, 274 (2003). Therefore, where a juvenile has been adjudicated delinquent on the basis of his admissions, defense counsel's failure to file a Rule 604(d) motion to withdraw and vacate is not a jurisdictional defect requiring dismissal. *In re William M.*, 206 Ill. 2d at 603-05, 795 N.E.2d at 273-75. Instead, the general rule is that the cause should be remanded to the circuit court for strict compliance with Rule 604(d). *In re William M.*, 206 Ill. 2d at 605, 795 N.E.2d at 275. However, in the instant case, we do not find it necessary to remand, because B.K. raises a constitutional claim.

In *In re J.W.*, 204 Ill. 2d 50, 787 N.E.2d 747 (2003), a juvenile filed an appeal without moving to withdraw his admissions or to have his sentence reconsidered. The State argued the Illinois Supreme Court did not have jurisdiction over the appeal because the juvenile had not complied with Rule 604(d). *In re J.W.*, 204 Ill. 2d at 60, 787 N.E.2d at 753-54. In that case, the juvenile admitted two sex-offense charges and was adjudicated delinquent before being placed on probation. On appeal, J.W. was not seeking to challenge his admissions or have his term

of probation reconsidered but, rather, was claiming that the two conditions of his probation—the condition that he register as a sex offender for the rest of his life and the condition barring him from entering the Village of South Elgin—were void as unconstitutional. *In re J.W.*, 204 Ill. 2d at 61, 787 N.E.2d at 754. The *In re J.W.* court found that Rule 604(d) did not act as a jurisdictional bar to the appeal because the juvenile was challenging the constitutionality of the two conditions of his probation, not the imposition of probation itself. *In re J.W.*, 204 Ill. 2d at 61, 787 N.E.2d at 754. Like the juvenile in *In re J.W.*, B.K. is not challenging his admissions or asking this court to reconsider his sentence. Instead, B.K. is contesting the constitutionality of the arrangement that allowed his attorney to act as both an advocate and a guardian *ad litem*. A constitutional challenge to a criminal statute can be raised at any time. *In re J.W.*, 204 Ill. 2d at 61, 787 N.E.2d at 754. Accordingly, we find that B.K.'s failure to comply with Rule 604(d) does not bar this appeal.

### B. Conflict of Interest

■ We move now to the issue raised by B.K. in this appeal: whether it was a *per se* conflict of interest for his attorney to also act as his guardian *ad litem*. Section 1—5(1) of the Act provides, "No hearing on any petition or motion filed under [the] Act may be commenced unless the minor who is the subject of the proceeding is represented by counsel." 705 ILCS 405/1—5(1) (West 2002). Additionally, a trial court must appoint a guardian *ad litem* to represent the minor's best interests, but only if the State alleges the minor was abused or neglected. Generally, there is no requirement that a guardian *ad litem* be appointed in a delinquency proceeding. See 705 ILCS 405/2—17(1)(a) (West 2002). However, a court may appoint a guardian *ad litem* for the juvenile whenever it finds that there is a conflict between the juvenile and his parents or that it is in the minor's best interest to do so. 705 ILCS 405/2—17(3) (West 2002).

■ B.K. does not contend that an actual conflict arose in the instant matter, but he asserts that the nature of the two positions creates an inherent conflict which must never be allowed. The issue of whether counsel labored under a *per se* conflict of interest is subject to *de novo* review. *People v. Miller*, 199 Ill. 2d 541, 544, 771 N.E.2d 386, 387 (2002). After careful consideration, we find that B.K.'s attorney acting as both the guardian *ad litem* and defense counsel did not create a *per se* conflict of interest.

We are mindful there are inherent conflicts that exist when an attorney acts as both a juvenile's attorney as well as his guardian *ad litem*. Diane Geraghty, professor of law and director of the Child and

Family Law Programs at Loyola University Chicago School of Law, succinctly pointed out the inherent conflicts between the roles of attorney and guardian *ad litem* as follows:

> "In a traditional attorney-client relationship, a lawyer is ethically obligated to permit a client to determine the objectives of representation. This obligation continues even if an attorney is persuaded that a client's reasoning is flawed, or that a client's decisions concerning the objectives of representation will not produce the desired results. Similarly, where a client's ability to make reasoned decisions is impaired, an attorney is duty-bound to maintain a normal attorney-client relationship to the greatest extent possible under the circumstances. In contrast to the professional standards governing attorney behavior and practice, the traditional duty of a non[ ]attorney guardian *ad litem* is to act in an individual's best interests. This duty is consistent with the fact that a guardian *ad litem* typically is appointed in circumstances where an individual lacks the capacity to engage in reasoned decision[ ]making on matters affecting the individual's well-being." D. Geraghty, *Ethical Issues in the Legal Representation of Children in Illinois: Roles, Rules and Reforms*, 29 Loy. U. Chi. L.J. 289, 291-92 (1998).

However, despite the inherently different roles of attorneys and guardians *ad litem*, Professor Geraghty went on to point out that "[o]ftentimes, there exists no actual conflict between the client's wishes and the guardian *ad litem*'s judgment as to the client's best interests." 29 Loy. U. Chi. L.J. at 292.

It is well-settled that a proceeding under the Act is not an adversarial proceeding in the usual sense. Unlike a purely adversarial proceeding, a juvenile case requires the juvenile's welfare and best interests to be considered. In discussing proceedings brought under the Act, the Illinois Supreme Court stated in *In re Beasley*, 66 Ill. 2d 385, 362 N.E.2d 1024 (1977):

> "Although such a proceeding retains certain adversary characteristics, it is not in the usual sense an adversary proceeding, but it is one to be administered in a spirit of humane concern for and to promote the welfare of the minor as well as to serve the best interests of the community." *In re Beasley*, 66 Ill. 2d at 389, 362 N.E.2d at 1026.

Thus, attorneys acting in a dual role have to consider both the juvenile's interests and society's interests.

In *In re K.M.B.*, 123 Ill. App. 3d 645, 462 N.E.2d 1271 (1984), the Fourth District considered the issue of whether a 13-year-old delinquent was denied her constitutional right to counsel because an attorney who had acted as both her defense counsel and her guardian

*ad litem* recommended placement outside the home, even though K.M.B. desired to stay in her mother's home. *In re K.M.B.*, 123 Ill. App. 3d at 646, 462 N.E.2d at 1271. In finding that K.M.B. was not denied her right to counsel, the court noted that it is not always possible for a juvenile's counsel to protect the child's best interest without alienating the juvenile, because often a delinquent juvenile's wishes are not in his or her best interest. That court went on to state that if protecting a juvenile's best interest requires that the attorney make a recommendation contrary to the juvenile's wishes, then the attorney has a " 'professional responsibility and obligation' " to make that recommendation. *In re K.M.B.*, 123 Ill. App. 3d at 648, 462 N.E.2d at 1273. Subsequent cases cite *In re K.M.B.* for the proposition that there is no inherent conflict between the roles of an attorney and a guardian *ad litem* which would prohibit a court from making such a dual appointment.

For example, in *In re R.D.*, 148 Ill. App. 3d 381, 499 N.E.2d 478 (1986), the First District, relying on *In re K.M.B.*, found that the roles of a guardian *ad litem* and defense counsel are not inherently in conflict, because both have "essentially the same obligations to the minor and to society." *In re R.D.*, 148 Ill. App. 3d at 387, 499 N.E.2d at 482. Likewise, *In re J.D.*, 351 Ill. App. 3d 917, 815 N.E.2d 13 (2004), found no conflict in an attorney performing the dual roles of counsel and guardian *ad litem*. In that case, J.D. was not yet two years old when the State filed a petition to terminate her father's parental rights. On appeal, the father argued the trial court lacked jurisdiction to proceed with the adjudication of parental unfitness and termination of his parental rights because J.D. was not represented by independent counsel, but by a single attorney who acted as both J.D.'s attorney and her guardian *ad litem*. The *In re J.D.* court found nothing in the record to suggest J.D. was capable of articulating a position her attorney should have presented to the court. The court stated: "[J.D.'s] attorney was charged with protecting her legal rights and promoting her best interest. [The father] does not argue [the attorney] failed to do this. After reviewing the record we conclude [the attorney] adequately performed these duties." *In re J.D.*, 351 Ill. App. 3d at 920, 815 N.E.2d at 16.

On the other hand, sometimes conflicts exist that require the appointment of a separate attorney and a separate guardian *ad litem*. For example, in *In re A.W.*, 248 Ill. App. 3d 971, 618 N.E.2d 729 (1993), a conflict arose between a 13-year-old juvenile and her attorney/guardian *ad litem* over the issue of accelerated unsupervised visitation. The juvenile expressed her desire to participate in such visits, but the attorney opposed the visits on the basis that unsupervised

contact with the family was not in the child's best interests. *In re A.W.*, 248 Ill. App. 3d at 973, 618 N.E.2d at 731. Not content with the position taken by her court-appointed attorney/guardian *ad litem*, the juvenile moved to substitute a private attorney to act as her counsel. The trial court granted her motion for substitution, allowing the appointment of a new attorney to represent the juvenile, but it kept the original guardian *ad litem*. On review, the First District held that a minor has a statutory right to be represented by private counsel of her own choosing in a juvenile court proceeding. The court characterized a minor's right to representation as "almost coextensive to that afforded to adults." *In re A.W.*, 248 Ill. App. 3d at 976, 618 N.E.2d at 732. Nevertheless, the *In re A.W.* court cited the language of *In re R.D.*—that juvenile counsel and guardians *ad litem* "have essentially the same obligations to the minor and to society." *In re A.W.*, 248 Ill. App. 3d at 977, 618 N.E.2d at 733, citing *In re R.D.*, 148 Ill. App. 3d at 387, 499 N.E.2d at 482.

We do not find the *In re A.W.* court's holding and its reliance on *In re R.D.* inconsistent. It is clear that in a juvenile proceeding, the ultimate goal of all the participants should be to advance the juvenile's best interests. If the dual role creates an inherent conflict, as it did in *In re A.W.*, then a separate attorney and a separate guardian *ad litem* should be appointed. If no conflict exists, then separate appointments are not necessary. As the *In re J.D.* court pointed out:

"This court does recognize that under circumstances different from those presented in this case, independent counsel may be required. Independent counsel would be required when an attorney's dual representation creates a conflict between his two roles, *e.g.*, when a minor is of an age to share with his attorney confidences the attorney would not be permitted to share with the guardian *ad litem*. Trial courts should carefully consider potential conflicts before appointing the guardian *ad litem*'s attorney to also represent the minor." *In re J.D.*, 351 Ill. App. 3d at 921, 815 N.E.2d at 16.

We agree with the *In re J.D.* court's reasoning and apply it to the facts before us.

Here, B.K. does not argue that an actual conflict exists and does not specify how his attorney failed to adequately protect his legal rights or act in his best interests. Our own review of the record shows that attorney Broeking's dual representation created nothing more than a theoretical conflict. While B.K.'s mother moved that another attorney be appointed to represent B.K., the trial court denied the motion. Thereafter, B.K.'s mother remained involved throughout the proceedings, even being represented by her own attorney. Broeking acted as both guardian *ad litem* and defense attorney.

Ultimately, B.K. admitted the charges against him and was sentenced to the Department. After being sentenced to the Department, B.K. filed a motion to reconsider his sentence. That motion was denied. B.K. failed to raise the issue of a conflict below. His concern was with his sentence, not the representation of his attorney/guardian *ad litem*.

While B.K. has raised an interesting legal argument, he has failed to convince us that he is entitled to a second bite at the apple. The record here shows no conflict between B.K.'s wishes and the guardian *ad litem*'s judgment regarding B.K.'s best interests. Therefore, we refuse to vacate B.K.'s delinquency adjudication and commitment to the Department and remand for new proceedings under the Act.

## III. CONCLUSION

No *per se* conflict of interest exists merely because an attorney performs the dual role of attorney and guardian *ad litem*. In many cases, no significant conflict exists, and it is financially and functionally prudent to appoint a single attorney to perform both roles. However, given the inherently different roles traditionally performed by an attorney and a guardian *ad litem*, we can envision situations in which a dual appointment would cause a significant conflict between the juvenile's wishes and his or her best interests. Not only must trial courts carefully consider potential conflicts prior to appointing a single attorney to perform the dual role of counsel and guardian *ad litem*, they must also not hesitate to appoint separate attorneys to perform the individual roles if a conflict arises during the course of a juvenile proceeding.

For the foregoing reasons, the judgment of the circuit court of Williamson County is affirmed.

Affirmed.

WELCH and KUEHN,[1] JJ., concur.

---

[1]Justice Kuehn fully participated in this decision prior to the expiration of his term from the court. See *Cirro Wrecking Co. v. Roppolo*, 153 Ill. 2d 6, 605 N.E.2d 544 (1992).